Syllabus.

# Richmond

## QUEENIE TRIPP V. CITY OF NORFOLK.

### March 17, 1921.

#### Absent, Burks and Sims, JJ.

1. STREETS AND HIGHWAYS—*Duty of City to Keep Streets Safe.*— It is the duty of a municipality to keep its stretts in a reasonably sound, safe, and serviceable condition for public use and travel.

2. NEGLIGENCE—*Proximate Cause—Foreseeableness or Anticipation of the Consequences of a Negligent Act.*—A negligent party is liable for all of the consequences which naturally flow therefrom, whether they were reasonably to have been anticipated or not, and in determining whether or not the consequences do naturally flow from the wrongful act, or neglect, the case should be viewed retrospectively; that is to say, looking at the consequences, were they so improbable or unlikely to occur that it would not be fair and just to charge a reasonably prudent man with them. If not, he is liable. This is the test of liability, but when liability has been established, its extent is to be measured by the natural consequences of the negligent or wrongful act. The precise injury need not have been anticipated. It is enough if the act is such that the party ought to have anticipated that it was liable to result in injury to others.

3. STREETS AND HIGHWAYS—*Defective Street—Proximate and Remote Cause—Case at Bar.*—In the instant case the declaration alleged that plaintiff was injured on a street in defendant city. As she was walking on the sidewalk at night a heavy automobile fire truck traveling in her direction dropped its front wheel or wheels into a rut in the street, and the force of this impact detached a front wheel of the truck, the wheel thus detached rolling forward on to the sidewalk and striking plaintiff. It also alleged that travelers at night were unable to see the dangerous character of the rut and that the city had or should have had notice of the defect.

   *Held:* On demurrer to the declaration, that the city's negligence was the proximate cause of plaintiff's injury.

Error to a judgment of the Circuit Court of the city of Norfolk, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*H. C. Nicholas* and *L. S. Parsons*, for the plaintiff in error.

*R. W. Peatross*, for the defendant in error.

SAUNDERS, J., delivered the opinion of the court.

This case is brought before us by a writ of error to a judgment of the Circuit Court of the city of Norfolk, sustaining a demurrer to the declaration of Queenie Tripp, plaintiff in an action of assumpsit, against said city.

The plaintiff was injured on Holt street, in the city, *supra*, under the following circumstances: She was walking on the sidewalk of said street when a heavy automobile fire truck traveling in her direction dropped its front wheel or wheels into a rut in the street. The force of this impact detached a front wheel of the truck from the axle. The wheel thus detached rolled forward, mounted the sidewalk, struck Miss Tripp, and inflicted injuries alleged to be of considerable severity.

The plaintiff's case is set out in detail in her declaration, which herewith follows:

"Queenie Tripp, plaintiff, complains of the city of Norfolk, a municipal corporation duly chartered and created under the laws of the State of Virginia, defendant, of a plea of trespass on the case for this, to-wit:

"That heretofore, to-wit, on and before the grievance here complained of, the city of Norfolk was a municipal corporation duly chartered and created under the laws of

the State of Virginia, and as such a corporation, at the time of the grievance hereinafter mentioned, was clothed with the power and subject to the duty, among others, of keeping sound, safe and serviceable for public use and travel, its public streets, alleys, walks and gutters and particularly it was the duty of the defendant to keep sound, safe and serviceable for public use and travel a certain public street in said city, known and designated as Holt street; in order that persons using the said Holt street for travel might not be injured. And also at the time of the grievance herein mentioned the defendant was the owner of certain trucks and apparatus, used and operated by the defendant for the purpose of extinguishing fires, and more particularly a certain fire apparatus, the same being a heavy and powerful automobile truck and more particularly designated as combination No. 1, which said combination wagon No. 1 was operated over and upon the public streets of the defendant, en route to, and returning from fire, and more particularly the said combination wagon was operated over and upon the said Holt street in said city en route to, and returning from, fires in that section of said city.

"And yet the said defendant, disregarding its duty, as aforesaid, willfully, negligently and unjustly permitted and allowed the said Holt street to become in a dangerous and unsafe condition, in that the said defendant before and at the time of the grievance herein mentioned, suffered, permitted and allowed a certain rut or defect to be in said street, the same extending about ten feet across the said Holt street, about two feet in width and about eight inches deep; the same being located on the said Holt street at or near the intersection of another public street in said city known and designated as Chapel street, and the said rut or defect is particularly dangerous in that the same is situated in the said Holt street at such an angle that persons

traveling along the said Holt street in vehicles in the night-time were unable to see or ascertain the dangerous character of said rut until within such close proximity to the same that striking the same was unavoidable, of all of which the said city then and there had notice or, by the exercise of reasonable care, should have had notice. And on or about the 5th day of February, 1919, at about the hour of 10 o'clock P. M. the said combination wagon was being operated over and upon the said Holt street and, though operated with reasonable care, the same was brought violently, suddenly and with great force against the said rut or defect, and by reason of the force and violence of the contact, and the dangerous condition of said rut and its liability to damage and injure traffic over the same, one of the front wheels of the said combination wagon became detached and wrenched therefrom, and by reason of the momentum created by the forward movement of the said combination wagon, the said wheel, after having become detached and wrenched from the said combination wagon, was propelled with great force and speed over, upon and along the said Holt street and also up on and upon the sidewalk of the said Holt street, where the plaintiff was then and there, in the observance of due care on her part, lawfully walking, and continuing its progress, did with great force and violence crash into and against the plaintiff, by reason whereof the plaintiff was knocked violently to the ground and greatly sprained, bruised, cut and maimed, and her nervous system greatly shocked and permanently disordered and otherwise permanently injured, to the damage of the plaintiff in the sum of three thousand dollars ($3,000.00), and therefore she brings this suit."

The defendant city demurred to this declaration, and assigned the following grounds of demurrer:

"First.—That the declaration shows on its face that the condition of the street complained of was not the proximate cause of the plaintiff's injury.

72

"Second.—That the declaration shows on its face that the injury complained of was not the natural and probable result of the condition of the street, and could not have been foreseen and guarded against by the defendant.

"Third.—That the declaration shows on its face that the alleged injury was caused by the fire department of the city of Norfolk, which is a governmental department of the said city, for whose negligence no right of action lies against the city."

The circuit court sustained the demurrer generally, and the plaintiff applied for and secured a writ of error.

The gravamen of the first two grounds of demurrer is that the condition of the street was not the proximate cause of the plaintiff's injury, so that upon the case stated there was no liability upon the city.

[1] Unquestionably it was the duty of the municipality to keep its streets, including Holt street, in a reasonably sound, safe and serviceable condition for public use and travel. This duty the plaintiff asserts was not discharged. The declaration alleges that the city negligently allowed Holt street to "become in a dangerous and unsafe condition," in that it permitted and allowed a rut, or defect, across said street of the following dimensions, to-wit: about ten feet long, two feet wide and eight inches deep. Further, it is alleged that this rut, or defect, is "particularly dangerous in that the same is situated in Holt street at such an angle that persons traveling along said Holt street in vehicles at night-time were unable to see, or ascertain, the dangerous character of said rut until within such close proximity to the same that striking the same was unavoidable, of all of which the city had notice or, by the exercise of reasonable care, should have had notice." In addition, the declaration alleges that about 10 P. M. on February 5, 1919, a heavy and powerful fire truck was being operated with reasonable care on the above street, when it was

brought violently and suddenly against the rut in the street. In other words, the front wheels, or a front wheel, of the moving vehicle dropped violently into the rut, or defect, described in the declaration. The consequences of this unexpected impact are described substantially in the following terms in the declaration:

"* * * by reason of the force and violence of the impact and the dangerous condition of said rut * * * one of the front wheels of the combination wagon (i. e., automobile truck) became detached and wrenched therefrom, and by reason of the momentum created by the forward movement of said wagon, the said wheel thus detached was propelled with great force and speed over, upon and along Holt street, and thence upon and along the sidewalk of said street, where, with force and violence, it crashed into and injured the plaintiff."

The proximate cause and causal chain relied on by the plaintiff to support her claim for recovery may be described as follows: First, the city negligently maintained a dangerous rut, or defect, in Holt street; second, a moving vehicle, operated with reasonable care, dropped one or both front wheels into this rut; third, the violence of this blow detached a front wheel of the vehicle; fourth, the wheel thus detached moved forward under natural laws, and fifth, in its forward movement the wheel, probably in consequence of a twist given it at the time of detachment, mounted the sidewalk and struck and injured Miss Tripp, who was using said walk in the exercise of due care. Hence, the plaintiff contends that the city, being responsible for the defect, was responsible for the accident to the vehicle which this defect occasioned. Upon the basis of the latter responsibility, the plaintiff maintains that the city is liable for her injury, which followed in due sequence from the accident to the vehicle.

The defendant insists, by way of defense, that the injury complained of was not the natural and probable result of

the condition of the street, and could not have been foreseen and guarded against by the defendant. This defense of the city rests upon the rule of "foreseeability," as it is sometimes styled.

Widely different contentions have been advanced with respect to responsibility for tortious negligence. One contention has been that the proper rule in such cases is that the defendant should not be held responsible for any damages except such as he could have foreseen in the exercise of reasonable foresight as the probable consequences of his act. This statement of the rule of liability is obviously far too favorable to the party guilty of negligence, since there are many negligent injuries flowing very naturally and inevitably form the original negligent act, or omission, which would require prescience to anticipate. The ordinarily prudent and intelligent man may possess in a measure the power to estimate likelihood, but he is not endowed with prescience. Apparently the defendant appeals to the rule, as stated *supra*, since its second ground of demurrer is that "the injury complained of could not have been foreseen and guarded against by the defendant."

Another statement of the rule is that a defendant should be held responsible for all damages which in fact result from his wrongful act, whether they could have been anticipated or not. A strict application of this rule would result in fixing responsibility in many cases, when the relation between the initial negligence and the subsequent injury was of the most tenuous character, and no human being, however prudent and intelligent, when acquainted with the circumstances and apprised of what actually did happen, would regard the ultimate injury as a likely present or remote consequence of the original negligent act.

Virginia holds a middle ground with respect to the rule of liability in these cases. The latest statement of the prin-

ciple in this respect in the Virginia Reports will be found in the case of *N. & W. Ry. Co.* v. *Whitehurst,* 125 Va. 263, 99 S. E. 568, Burks, J., delivering the opinion:

"We have discussed the subject of proximate cause in a number of cases, and it is not to be expected that the discussion shall be repeated in every case of tort brought to this court. \* \* \*

[2] "The 'foreseeableness,' or reasonable anticipation of the consequences of a wrongful or negligent act is not the measure of liability of the guilty party, though it may be determinative of the question of his negligence. When once it has been determined that the act is wrongful, or negligent, the guilty party is liable for all of the consequences which naturally flow therefrom, whether they were reasonably to have been anticipated or not, and in determining whether or not the consequences do naturally flow from the wrongful act, or neglect, the case should be viewed retrospectively; that is to say, looking at the consequences, were they so improbable or unlikely to occur that it would not be fair and just to charge a reasonably prudent man with them. If not, he is liable. This is the test of liability, but when liability has been established, its extent is to be measured by the natural consequences of the negligent or wrongful act. *The precise injury need not have been anticipated* (italics ours). It is enough if the act is such that the party ought to have anticipated that it was liable to result in injury to others." See also the cases cited, 125 Va., pp. 264-265, 99 S. E. 568.

To the same effect is *Coolidge* v. *Hallauer,* 126 Wis. 244, 105 N. W. 568, which says: "It is not necessary, in order to constitute proximate cause, that the precise injury should have been foreseen, or apprehended, as certain to occur. It is sufficient if an ordinarily careful and prudent person ought, under the circumstances, to have foreseen that *an* injury might *probably* result from the negligent act" (italics ours).

Discussing proximate cause, in *Pulaski Gas Light Co.* v. *McClintock*, 97 Ark. 576, 134 S. W. 1189, 1199, 32 L. R. A. (N. S.) 825, the court says: "It is not necessary that the particular injury should have been foreseen."

And in *Foster* v. *Chicago, etc., Co.*, 127 Iowa 90, 102 N. W. 424, 4 Ann. Cas. 150, the court declared that "Doubtless, the particular situation might not have been foreseen, but this was not essential to making out a charge of negligence. Accidents, as they occur, are seldom foreshadowed. Otherwise, many would be avoided. If the act or omission is of itself negligent, and likely to result in injury to others, then the person guilty thereof is liable for the natural consequences which occurred, whether he might have foreseen them or not. In other words, if the act, or omission, is one which the party, in the exercise of ordinary care, ought to have anticipated was likely to result in injury to others, then he is liable for an injury proximately resulting therefrom, although he might not have foreseen the particular injury which did happen."

[3] An ordinarily careful and prudent person, conversant with the consequences to swiftly moving wheeled vehicles of a sudden and forcible drop into a rut of the dimensions given, would, if confronted with such a rut in a street of a populous city, readily foresee that accidents would result from its maintenance. Such a person, when advised of the circumstances of the accident in the case in judgment, as described in the declaration, would pronounce the plaintiff's injury to be a natural consequence of the city's negligence. And why not? Admittedly, the city was at fault with respect to the rut in Holt street, which is alleged to be particularly dangerous in that travelers on Holt street in the night-time (and this accident occurred in night-time) were unable "to see or ascertain its dangerous character until within such close proximity that striking same was unavoidable, of which the city had notice." A powerful

automobile truck, carefully operated, dropped "violently, suddenly, and with great force" into the above rut. The force of this impact wrenched off one of the front wheels of this truck. Under the impulse of its momentum, this wheel would naturally roll until the friction of the street's surface, or collision with animate or inaminate objects would bring it to a standstill. It did roll forward. Unfortunately for the plaintiff, she crossed, without fault on her part, the course of the moving wheel, was struck down and injured. All of the consequences in this little tragedy followed in unbroken sequence. There was no intervening efficient cause. The chain of cause and effect is complete, and the city's negligence is established as the proximate cause, the *causa causans,* of the plaintiff's injury.

In the view of this court, the declaration clearly stated a case which should have been submitted to the jury.

If the defendant desired to be further informed as to the details of the accident, that information could have been secured through a bill of particulars.

In the opinion of this court, the trial court erred in sustaining the demurrer to the declaration, and for that error its judgment is reversed, and this cause is remanded for a new trial, to be had not in conflict with the views herein expressed.

*Reversed.*