## CIRCUIT COURT OF STAFFORD COUNTY

Granville Cosby Lee

    v.

Delhaize America, Inc.
(formerly Food Lion, Inc.),
t/a Food Lion,
and Joel Anthony Vaughan

June 8, 2000

Case No. (Law) 00000030

BY JUDGE JAMES W. HALEY, JR.

Defendant grocery store owner has demurred to a motion for judgment on the grounds that the pleadings fail to set forth a claim for failure to protect a business invitee from injury by third party criminals or failure to warn a business invitee of imminent criminal activities by third party criminals and fail to demonstrate such injury was reasonably foreseeable by the Defendant.

The following relevant quotations are taken from numbered paragraphs 7 through 12 of the motion for judgment:

> On October 13, 1997, at . . . 11:40 p.m. . . . [Plaintiff] . . . was a business invitee . . . [at] . . . Food Lion . . . . cleaning floors[1] . . . in the back of the store near the door to the rear storage area . . . [when] . . . · two . . . individuals armed and masked . . . approached the store . . . in plain view of a store cashier . . . who immediately left the check-out area and hurried to the back of the store, passing [Plaintiff]. . . . As the cashier passed, [Plaintiff] asked her what was going on but

---

[1] Plaintiff was employed by a company who contracted with Food Lion for cleaning services. The court makes no finding as to Plaintiff's legal status on Defendant's premises.

instead of warning . . . [Plaintiff] . . . that an attempted robbery was in progress, passed by him without answering him, dashed through the rear doors into the storage room, and hid herself.

Food Lion . . . had actual or constructive knowledge that the location . . . [and] . . . method of doing business . . . attracted and/or provided an opportunity for robbery or assaultive crimes against . . . business invitees . . . and . . . had actual or constructive knowledge that such crimes had been committed prior to . . . October 13, 1997 . . . .

Plaintiff was assaulted by the criminals, held as a hostage by the criminals, and was accidentally shot seven times, apparently by the police, during a gun battle in the store parking lot which left one criminal dead and the other captured.

Under familiar principles, a demurrer tests only the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. Va. Code § 8.01-273(A). Most recently, the Supreme Court in *Riverview Farm Assocs. v. Board of Supervisors*, 259 Va. 419, 425 (2000), though dealing with a Bill of Complaint, set forth those principles equally applicable to a demurrer to a motion for judgment.

We next consider the trial court's decision sustaining the plaintiff's demurrer to the second amended bill of complaint. The standard of review that we apply is well established. We consider as true all material facts alleged in a bill of complaint, all facts impliedly alleged, and all reasonable inferences that can be drawn from the facts. *Moore v. Maroney*, 258 Va. 21, 23, 516 S.E.2d 9, 10 (1999); *Concerned Taxpayers of Brunswick County v. County of Brunswick*, 249 Va. 320, 323, 455 S.E.2d 712, 713 (1995); *Krantz v. Air Line Pilots Ass'n, Int'l*, 245 Va. 202, 204, 427 S.E.2d 326, 327 (1993). However, a demurrer does not admit the correctness of the conclusions of law asserted in a bill of complaint. *Moore*, 258 Va. at 23, 516 S.E.2d at 10; *Ward's Equip., Inc. v. New Holland N. America*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

The trial court is not permitted on demurrer to evaluate and decide the merits of the allegations set forth in a bill of complaint, but only may determine whether the factual allegations of the bill of complaint are sufficient to state a cause of action. *Concerned Taxpayers of Brunswick County*, 249 Va. at 327-28, 455 S.E.2d at 716; *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d

181, 183 (1993). Thus, the trial court errs in sustaining a demurrer if a bill of complaint, considered in the light most favorable to the plaintiff, states a cause of action. *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 384, 478 S.E.2d 295, 300 (1996); see *Luckett v. Jennings*, 246 Va. 303, 307, 435 S.E.2d 400, 402 (1993).

Finally, the Supreme Court has cautioned trial courts that motions for summary judgment and demurrers should only be granted or sustained when "it clearly appears that one of the parties is entitled to a judgment . . . ." *Renner v. Stafford*, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993). See also, *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993).

In *Burns v. Johnson*, 250 Va. 41, 44, 458 S.E.2d 448, 451 (1995), the Supreme Court stated:

Virginia adheres to the rule "that the owner or occupier of land ordinarily is under no duty to protect an invitee from a third person's criminal act committed while the invitee is upon the premises." *Gupton v. Quicke*, 247 Va. 362, 363, 442 S.E.2d 658, 658 (1994) (citing *Wright v. Webb*, 234 Va. 527, 530, 362 S.E.2d 919, 920 (1987)).

In *Wright*, we fashioned a narrow, limited exception to the general rule. There, we held that an owner or occupier of land, "whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measures to protect an invitee against criminal assault unless he knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee." 234 Va. at 533, 362 S.E.2d at 922. This exception requires "notice of a specific danger just prior to the assault."

*Id.*

In *Godfrey v. Boddie-Noell Enterprises, Inc.*, 843 F. Supp. 114, 120 (E.D. Va. 1994), the federal court noted that under the first of the disjunctive tests for liability set forth in *Wright*, a plaintiff must show that "there must be something about the character or method of business which attracts or provides a climate for assaultive crimes."

In setting aside a plaintiff's jury verdict and entering final judgment for defendant, the court in *Burns* noted "the evidence utterly fails to establish that defendant employer knew a criminal assault was about to occur on the

premises which indicated an imminent probability of harm to the plaintiff . . . there is no evidence that [the third party] displayed a firearm or that [defendant's employee] was afraid for her own safety. . . ." 250 Va. at 44-45, 458 S.E.2d at 451. This language may be contrasted with the pleadings quoted above.

By contrast, in *Gupton, supra*, the court relying upon the *Wright* exception, reversed the trial court's sustaining of a demurrer where the pleadings alleged that defendant removed a third party from its premises for threatening plaintiff-invitee but soon thereafter permitted his return and a physical assault followed. The court held that a duty to use reasonable care to protect plaintiff-invitee arose because defendant knew there was an imminent probability of harm to the plaintiff-invitee by the third party.

As noted, Defendant also demurs on the grounds the damages incurred by the Plaintiff were not reasonably foreseeable as a matter of law and accordingly cannot be proximately caused by any negligent act or omission by the Defendant.

> "More precisely, the inquiry is, may fair-minded men differ as to whether it was reasonably foreseeable that injury might result to an invitee from the conduct of . . ." defendant. *Indian Acres of Thornburg, Inc. v. Denion*, 213 Va. 847, 849, 213 S.E.2d 747, 749 (1975); See also, *A. H. v. Rockingham Publishing Co.*, 255 Va. 216, 220-22, 495 S.E.2d 482, 485-86 (1998); *Robinson v. Matt Mary Moran, Inc.*, 259 Va. 412, 417, 525 S.E.2d 559, 563 (2000).

Proximate cause is established when the injury "ought to have been foreseen in the light of the attending circumstances," *Scott v. Simms*, 188 Va. 808, 817, 51 S.E.2d 250, 259 (1949); or:

> "could reasonably have been anticipated by a prudent man, but not for casualties which, though possible, were wholly improbable. One is not charged with foreseeing that which could not be expected to happen . . . it is not necessary that the defendant should have foreseen the precise injury that happened. It is sufficient if an ordinary, careful, and prudent person ought, under the circumstances, to have foreseen that injury might probably result from the negligent act." *Tripp v. Norfolk*, 129 Va. 566, 106 S.E. 360.

See also, *Marshall v. Winston*, 239 Va. 315, 389 S.E.2d 902 (1990); *Wise v. United States*, 8 F. Supp. 2d 535 (1998).

Concisely stated, proximate cause is circumscribed by the boundary of foreseeability.

On brief, Defendant argues that Plaintiff "has attempted to track the narrow requirements . . . [of] . . . *Wright.*" (Def.'s brief, p. 4.) Mindful of the present procedural posture of this case, the court necessarily concludes the Plaintiff has done so. Those allegations quoted above from the motion for judgment are sufficient to establish liability under both prongs of the *Wright* test, under either of which proximate cause could be established as reasonably foreseeable. For these reason, the demurrer is overruled.