35297. ELLIOTT *v.* YAWN *et al.*

DECIDED OCTOBER 8, 1954.

*Ferdinand Buckley, Marshall, Greene & Neely,* for plaintiff in error.

*Rodenhiser & Melton,* contra.

FELTON, C. J. Jaunice Yawn and George Bennett sued Clayton C. Elliott for damages allegedly caused by the negligence of the defendant's servant. On January 25, 1953, at about 8 p. m., the plaintiffs' employee was driving the plaintiffs' tractor-trailer truck in a southerly direction on U. S. Highway No. 341. At the same time the defendant's employee was driving the defendant's tractor-trailer truck in a northerly direction along the same highway. The two trucks met on a bridge on the highway at a point approximately five miles east of Perry, Georgia. While on the bridge the two trucks collided causing damage to both trucks. The plaintiffs seek to recover the damage to their truck resulting from the collision, alleging that the collision and resulting damage were due to the negligence of the defendant's driver. On the trial the jury returned a verdict for

the plaintiffs for $1,850. The defendant's motion for new trial on the general grounds was overruled, and he excepts.

Sergeant R. J. McNeill of the Georgia State Patrol testified for the plaintiff in substance as follows: that he arrived at the scene of the collision about ten minutes after the collision occurred; that he had been a member of the Georgia State Patrol for twelve years; that he had studied markings on the highways and was able to make deductions from such markings; that the bridge was 286 feet long and 18 feet wide; that the approach to the bridge from the south headed north was down-hill; that the approach to the bridge from the north headed south was approximately level; that on the approaches to the bridge there were highway signs reading "Narrow Bridge" and "Slow" facing traffic on such approaches; that, when he arrived at the scene, the plaintiffs' tractor-trailer was standing at the south of the bridge on the right side of the center line going south and was on an "even keel"; that judging from such position he concluded that the plaintiffs' tractor-trailer had crossed the bridge on the right side of the center line going south; that the defendant's truck "ended-up" turned over in the middle of the highway 75 feet north of the north end of the bridge; that the plaintiffs' truck had cleared more than halfway the bridge when the collision occurred; that there were no skid marks on the bridge or approaches to indicate any applications of brakes, but there were tire marks on the bridge from the apparent point of collision to where the defendant's truck finally came to a stop; that the bridge received a terrific impact from the defendant's vehicle, the vehicle tearing down concrete pillars and guard rails, which were all steel reinforced, on both sides of the bridge; that such damage began beyond the center of the bridge on the north end and continued to the north end of the bridge; that it appeared that the tractor did damage to one side of the bridge and the trailer to the other; that the plaintiffs' tractor left the scene under its own power; that the defendant's truck could not leave under its own power; that the two trailers were under eight feet wide; that with both tractor-trailers on the bridge at the same time the total clearance of the trucks and the bridge would be about two feet; that in order for two tractor-trailers the sizes of the two involved in this collision to pass on the bridge without

striking each other or the bridge they would have to stay on the right side of the bridge and proceed at a low rate of speed, so that there would not be any danger of their bouncing; that it appeared that the defendant's truck had been out of control from the point of collision to a point 200 feet north of that point; that each truck weighed 16,000 pounds or more; that, based on the physical markings, the damage done to the bridge, and the damage to the trucks and their relative positions, he concluded that the plaintiffs' truck was traveling about 25 miles per hour and the defendant's truck was traveling at approximately 60 to 65 miles per hour at the time of the collision; that, from the markings, etc., he concluded that the left rear wheels of the defendant's tractor collided with the left rear wheels of the plaintiffs' trailer; that from the markings, etc., he concluded that the defendant's vehicle had crossed the center line at the time of the collision.

This testimony was not objected to. The plaintiffs' driver was not permitted to testify concerning the details of the collision. The defendant's driver had died. The testimony of Sergeant McNeill had probative value and authorized the verdict. *Rentz* v. *Collins*, 51 *Ga. App.* 782, 783 (4) (181 S. E. 678); *Passley* v. *State*, 62 *Ga. App.* 88, 94 (8 S. E. 2d 131); *Collins* v. *State*, 86 *Ga. App.* 157, 158 (71 S. E. 2d 99); *Harmon* v. *Givens*, 88 *Ga. App.* 629, 639 (5) (77 S.E. 2d 223). The jury also had for consideration numerous pictures showing the complete scene of the collision, the bridge and the damage thereto, the two trucks, the approaches, etc. The evidence as to the markings, the damage to the bridge, the damage to the vehicles, their relative positions, etc., authorized the jury to find that the weight of probabilities was that the defendant's driver was speeding, and that the speed plus the physical surroundings, the narrow bridge, etc., was negligence and the proximate cause of the collision.

The defendant's counsel on the cross examination of Sergeant McNeill brought out that the position in which he found the plaintiffs' truck did not necessarily mean that the truck had stayed on its side of the center line of the bridge all the distance it traveled over the bridge. The defendant contends that certain markings on the right front tire and hub-cap of the plaintiffs'

tractor and markings on the bridge may have shown that the plaintiffs' driver had not stayed on his side of the center line the entire length of the bridge, but may have been over the center line and was in the process of driving back to his side of the bridge. Based on this and through hypotheticals, the defendant sought to establish that the left rear of the plaintiffs' truck was over the center line when the collision occurred. However, this evidence did not demand the jury's finding that any part of the plaintiffs' vehicle was over the center line at the time of the collision and was not sufficient to invoke the principle that, "when the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof," because the jury was authorized to find that the theory that the left rear end of the plaintiffs' trailer was over the center line was not as plausible as the speeding theory.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*