Present:  All the Justices


GLOUCESTER COUNTY DEPARTMENT
OF SOCIAL SERVICES
                         OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 980100              November 6, 1998

JOHN JOSEPH KENNEDY, JR.


         FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                    John M. Folkes, Judge

     In this appeal, we must construe Code § 63.1-248.5:1(C).

The statute deals with the report of investigation prepared by a

local department of social services following receipt of

information or allegation of child abuse or neglect.

     Subsection (C) provides:

     "Any person who is the subject of an unfounded report
     or complaint made pursuant to this chapter who
     believes that such report or complaint was made in bad
     faith or with malicious intent may petition the
     circuit court in the jurisdiction in which the report
     or complaint was made for the release to such person
     of the records of the investigation.  Such petition
     shall specifically set forth the reasons such person
     believes that such report or complaint was made in bad
     faith or with malicious intent.  Upon the filing of
     such petition, the court shall request and the
     department shall provide to the court its records of
     the investigation for the court's in camera review.
     The petitioner shall be entitled to present evidence
     to support his petition.  If the court determines that
     there is a reasonable question of fact as to whether
     the report or complaint was made in bad faith or with
     malicious intent and that disclosure of the identity
     of the complainant would not be likely to endanger the
     life or safety of the complainant, it shall provide to
     the petitioner a copy of the records of the
     investigation.  The original records shall be subject
     to discovery in any subsequent civil action regarding

the making of a complaint or report in bad faith or with malicious intent."

In June 1997, appellee John Joseph Kennedy, Jr., filed a petition against appellant Gloucester County Department of Social Services pursuant to the foregoing statute. The petitioner, apparently a nonresident of Virginia, alleged that he is the father of a daughter born in 1994 who is in the custody of the child's mother in Gloucester County. The father further alleged that the mother had made his visitation with the child "very difficult" and, at times, had refused to allow visitation.

The father also alleged that "someone, believed to be the natural mother, her live-in boyfriend or someone on their behalf," had made a complaint to the department alleging that he had sexually molested his daughter. The father further alleged that the department, after investigation, concluded the complaint of child abuse was "'not founded.'"

In addition, the father asserted the complaint against him was made without any basis and in bad faith or with malicious intent in order to damage his relationship with his daughter so as to prevent his visitation with her. He asked the court below to require the department to release to him an unaltered copy of the complaint that initiated the investigation and to provide a

copy of all its records pertaining to the investigation to the court for in camera review.

Responding, the department generally denied the father's allegations, although it admitted the investigation revealed the complaint of child abuse was "'not founded.'"  Following a hearing, at which only argument of counsel was presented, the trial court ordered the department, over its objection, to submit the file related to the complaint for the court's in camera review.

During a second hearing, the trial court considered only argument of counsel and ordered the department, over its objection, to provide its investigative records pertaining to the complaint to counsel for the father.  The court found, after an in camera review of the records, "that there is a reasonable question of fact as to whether the child protective service complaint was made in bad faith or with malicious intent and that disclosure of the identity of the complainant would not be likely to endanger the life or safety of the complainant."  The department appeals, the trial court having stayed execution of its order pending appeal.

On appeal, the department contends the trial court "committed reversible error by making findings and reaching a decision without benefit of any evidence."  Elaborating, the department says:  "There can be no argument . . . the trial

3

court concluded that presentation of evidence was not required by the Petitioner in order to grant the prayer of his Petition, namely that the Department of Social Services was required to turn over its entire file to him." Continuing, the department argues that the trial court's "sole basis" for granting the father's petition was because of the court's in camera review of the department's file. According to the department, this was an abuse of discretion because the trial court disregarded settled rules of civil procedure that provide for presentation of evidence when the pleadings raise questions of fact.

The department also contends the trial court disregarded rules of statutory construction because the statute in issue "contemplates that an evidentiary hearing of some sort will be conducted." We do not agree with the department's contentions.

This statute is plain and unambiguous. In clear language, the General Assembly has created a summary procedure to enable a person wrongfully accused of child abuse or neglect to obtain the details of the accusation from the local social services department that investigated the ill-founded charge.

If a person is the subject of an "unfounded report" of child abuse or neglect, the statute permits filing of a petition containing an allegation, with supporting "reasons," of bad faith or malicious intent. That was done in this case. Further, the statute provides that, upon filing of such a

4

petition, the trial court "shall request" and the department "shall provide" its records of investigation for the court's in camera review. That was properly done in this case, and the court reviewed the investigative file in camera.

Further, the statute provides: "The petitioner shall be entitled to present evidence to support his petition." Clearly, the petitioner has the right, but is not required, to present evidence.

However, consistent with the summary nature of the proceeding as contemplated by the statute, nowhere is the department given the right to present evidence. Contrary to the department's argument, the statute does not require an "evidentiary hearing of some sort." When, as here, disclosure of records of a government agency is involved, the legislature has the prerogative to establish a special statutory procedure for their disclosure that varies from ordinary rules of civil procedure regarding presentation of evidence.

The statute goes on to authorize the trial court to determine from its review of the records of investigation whether the complaint "was made in bad faith or with malicious intent and that disclosure of the identity of the complainant would not be likely to endanger the life or safety of the complainant." The trial court made these findings, based upon its in camera review.

We have examined in camera the investigative file, which is a part of the appellate record, and have determined there is credible information in the file to support the trial court's findings.

Thus, we hold the trial court properly applied the statute and correctly ordered the department to provide the father with a copy of the records in question.  Consequently, the judgment below will be

<u>Affirmed</u>.

JUSTICE KOONTZ, dissenting.

I respectfully dissent.

In my view, under the circumstances of this case, Code § 63.1-248.5:1(C) does not contemplate unfettered discretion in the trial court to release a copy of the records of the investigation conducted by a local department of social services of an "unfounded report or complaint" of child abuse or neglect. Here, the release of such records upon the mere filing of a petition by the person who was the subject of such report or complaint and the trial court's in camera review of the agency's investigative report necessarily involves the exercise of unfettered discretion.

Code § 63.1-248.5:1(C) permits a trial court to release a copy of the records of the investigation of an unfounded report or complaint of child abuse or neglect where the petitioner

6

seeking release of such records "specifically set[s] forth the reasons [he] believes such report or complaint was made in bad faith or with malicious intent." However, before providing the petitioner with a copy of the records of the investigation, the trial court must first "determine[] that there is a reasonable question of fact as to whether the report or complaint was made in bad faith or with malicious intent and that disclosure of the identity of the complainant would not be likely to endanger the life or safety of the complainant."

Thus, the legislature has placed on the petitioner the burden of establishing the existence of "a reasonable question of fact," and where, as here, the agency responsible for the investigation affirmatively denies the allegations of the petition, that burden plainly must require more than the mere allegation of bad faith or malicious intent in the petition. A report or complaint ultimately determined to be unfounded is not necessarily one made in bad faith or with malicious intent. Indeed, the "reasonable question of fact" to be determined pursuant to Code § 63.1-248.5:1(C) involves a resolution of this distinction in addition to a determination whether disclosure of the identity of the complainant would not be likely to endanger the safety of the complainant. Similarly, the petitioner's burden, particularly the required showing that disclosure of the identity of the complainant would not likely endanger the life

7

or safety of the complainant, cannot be met solely by the content of the investigative report even if reviewed in camera by the trial court. In short, where the petition is opposed and there is no evidentiary hearing, the trial court has no foundation upon which to exercise the judicial discretion contemplated by the statute in question.

The agency having custody of the investigative report must, for obvious reasons, act in the interests of the complainant, the discovery of whose identity is the object of the petition. If a petitioner is permitted to avoid an adversarial hearing by declining to exercise his "right" to present evidence in support of his petition or the agency is not permitted to present evidence in support of its opposition to the petition, the agency is deprived of any realistic opportunity to protect the interests of the complainant. Such a result is, in my view, inconsistent with the statutory purpose to encourage reports of child abuse and neglect. In addition, the danger is real that complainants will be subjected to unwarranted exposure to frivolous civil lawsuits which will inevitably have a chilling effect on reporting of suspected child abuse and neglect by the public. Cf. Ayyildiz v. Kidd, 220 Va. 1080, 1082-83, 266 S.E.2d 108, 110-11 (1980); Niese v. Klos, 216 Va. 701, 703, 222 S.E.2d 798, 800 (1976) (malicious prosecution actions disfavored because of chilling effect on reporting of crimes by public).

8

Accordingly, I would reverse the judgment of the trial court and remand the case to permit the petitioner to produce independent evidence in support of his allegation, or, should he decline to do so, for dismissal of his petition with prejudice.