## CIRCUIT COURT OF FAIRFAX COUNTY

Northern Virginia
Psychiatric Group, P.C.

v.

Judith Halpern and
Norma Zuckerman

April 13, 1990

Case No. (Chancery) 113961

By JUDGE THOMAS A. FORTKORT

This matter is before the court on the Demurrer and Motion to Dismiss filed by defendants, Judith Halpern and Norma Zuckerman (Defendants). Plaintiff, Northern Virginia Psychiatric Group, P.C. (NovaPsy) filed a Bill of Complaint against Defendants seeking injunctive relief and damages arising out of an alleged violation of a restrictive covenant and tortious interference with contract. The narrow issue before the court is whether the restrictive covenants contained in the employment agreements between defendants and NovaPsy are overbroad and unenforceable. The facts, deemed true for purposes of the demurrer, are taken from the papers filed by the parties with the Clerk of Court.

From 1984 until November 29, 1989, defendant Zuckerman was employed by NovaPsy as a licensed clinical social worker. From 1985 until November 30, 1989, defendant Halpern was also employed by NovaPsy as a licensed clinical social worker. Both defendants signed employment agreements which contained, *inter alia*, a restrictive covenant prohibiting defendants from soliciting NovaPsy patients to leave the NovaPsy practice in the event of the termination of their

employment at NovaPsy. The agreements provided, in pertinent part, as follows:

> *Non-solicitation.* The Employee shall not, at any time during the term of this Agreement or for the two (2) year period following the termination of this Agreement, either personally or through any individual or entity, solicit or induce (or attempt to solicit or induce), in any manner whatsoever (i) any past or present patient of [NovaPsy] from seeking consultation with, or treatment from [NovaPsy] or (ii) any individual or entity to refrain from referring any patients to [NovaPsy] for such consultation or treatment. For the purposes of this Agreement, the term "patient" shall mean any person, or the parent or guardian of any person, who has received treatment by [NovaPsy] within five (5) years prior to the execution of this Agreement and continuing for two (2) years after the termination of this Agreement.

NovaPsy alleges that defendants have breached the restrictive covenant by soliciting and persuading NovaPsy patients to leave the NovaPsy practice and follow them to their new practice.

A significant number of other jurisdictions have recognized the "blue pencil rule" which permits the court to modify and enforce an unreasonable restriction to the extent that it is reasonable where it is clear from the terms of the agreement that the restriction is severable. 61 A.L.R.3d 397. The rationale underlying the "blue pencil rule" is that partial enforcement of a contract is possible as long as enforcement is not contrary to public policy or injurious to the covenantor. Enforcement must not go beyond what is reasonably necessary to protect the interests of the covenantee.

Virginia courts have neither adopted nor expressly rejected the "blue pencil rule." The case law suggests that Virginia follows an "all-or-nothing rule" with respect to restrictive covenants in employment contracts. *Grant v. Carotek, Inc.,* 737 F.2d 410 (4th Cir. 1984) (Court refused plaintiff's request that it interpret the plain

language of the covenant in a more restricted manner); *Power Distribution v. Emergency Power Engineering*, 569 F. Supp. 54 (E.D. Va. 1983) (Court held that the covenant was overbroad and therefore unenforceable); *Alston Studios, Inc. v. Lloyd v. Gress & Associates*, 492 F.2d 279 (4th Cir. 1974) (Court refused to read into the agreement limitations that were not there). Importantly, none of the cases involved a severability clause like the one involved here.

Virginia courts follow the "plain-meaning rule" in construing the terms of a contract. *Winn v. Aleda Construction Co.*, 227 Va. 304, 315 S.E.2d 193 (1984). Where the language is clear and unambiguous, the contract becomes the law of the case unless it is repugnant to a rule of law or public policy. *Id*. The parties are presumed not to have included a provision of no effect. *Ross v. Craw*, 231 Va. 206, 343 S.E.2d 312 (1986). The language of the agreement is clear and unambiguous: should the non-solicitation provision be declared overbroad, "it will be construed as limiting and reducing it as determined by a court of competent jurisdiction and shall be enforceable to the extent compatible with applicable law."

The "blue pencil rule" is akin to the savings provisions often found in statutory law. Virginia courts have historically used these clauses sparingly and have declined to invoke these provisions where the portion of the law excluded would defeat the general purpose of the law. *See, Hublein, Inc. v. Dept. of Alcoholic Beverage Control of the Commonwealth of Virginia, et al.*, 237 Va. 192 (1989). Since Virginia is a state which does not maintain a legislative history that would enable the court to determine legislative intent with precision, any analysis of legislative intent must be derived from the statutory language itself. The invocation of the saving clause then becomes a cautious exercise, with the court wary of inflicting upon the legislature a result the legislature did not contemplate. One could suppose that a savings clause is a general invitation to rewrite the statute which the legislature could amend in its next session if it found the result onerous. It is an invitation that Virginia courts in their general sense of order and respect for the separation of the branches of government have often respectfully declined.

Virginia courts have long disfavored restrictive covenants in employment contracts and construe them directly in favor of the employee. *Richardson v. Paxton Company*, 203 Va. 790, 795, 127 S.E.2d 113, 117 (1962). Restrictive covenants constitute a restraint in trade. The "blue pencil" rule also conflicts with the Virginia Constitutional clause prohibiting interference with contracts. *See*, Va. Const. Art. I, § 11; *Hublein, Inc. v. Dept. of Alcoholic Beverage Control of the Commonwealth of Virginia, et al., supra.*

The court believes that the saving clause in an employment contract which allows the court to narrow the effect of a restrictive covenant is against public policy. In addition to questions about interference with contracts, restraint of trade, and other legal arguments, does the judiciary want to become the employer's scrivener? Nothing in our legal history suggests that a Virginia court would willingly place itself in such an unrestrained position. This court finds the offending covenant not to compete overbroad and declines to rewrite the offending covenant to the court's own notion of what restriction would comply with Virginia legal principles.

The court would sustain defendant's motion to dismiss.