# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Peter Leddy

v.

Communication
Consultants, Inc.

April 5, 2000

Case No. CH99-3952

BY JUDGE A. BONWILL SHOCKLEY

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. The parties submitted briefs, Plaintiff filed Defendant's Answers to Request for Admissions, Interrogatories, and Request for Production of Documents, and counsel was present in court on March 2, 2000, for argument.

This action arises out of a Declaratory Judgment dispute brought by Plaintiff pursuant to Code of Virginia § 8.01-784. On February 4, 2000, Defendant's Demurrer was argued and overruled. The Defendant then filed its Answer on February 14, 2000.

The following facts are not in dispute. Plaintiff was employed by Defendant as an advertising consultant and entered into an agreement with Defendant effective January 1, 1992. Late in 1999, Defendant BCFM terminated Plaintiff Leddy. By the terms of the contract, the Plaintiff was prohibited from soliciting any client of the Defendant for a period of two years after the cessation of his employment. This restriction included a prohibition against soliciting clients directly or indirectly, in person or by telephone or any other form of communication, for the purpose of performing any services offered by the Defendant. The contract further went on to define "client" as:

any person or business entity, however organized and in whatever form, for or to whom or to which Employer has sold advertising and/or public relations services for compensation, at any time during the two (2) year period immediately preceding Employee's termination date ... during which two (2) year period Employee's duties for Employer gave him or her access to the client or the client's business dealings with Employer.

*See* Contract at 8. Both parties concede there are no stated geographic restrictions on this prohibition. The parties disagree about the significance of the lack of geographic constraints and the significance of the two-year restriction regarding the non-solicitation of clients.

Plaintiff contends: (1) the failure of the non-solicitation clause to include a geographic limitation makes it a world-wide restraint and per se unreasonable; (2) the ban on Plaintiff's performance of any services being offered by or available to the Defendant's clients by the Defendant is unreasonable and overly broad; (3) the contract language is ambiguous as to its reach because the terms prohibit "indirect solicitation" without defining the type of communication disallowed; and (4) the terms are overly broad because they restrict contact with persons or corporations who may have been clients two years ago but with whom Defendant has no current relationship.

In ruling on a Motion for Summary Judgment, the Court will consider and evaluate the merits of a case with the limited facts before the Court. *See Moore v. Maroney*, 258 Va. 21, 27, 516 S.E.2d 9 (1999). To sustain a Motion for Summary Judgment, the Court must determine there are no material facts to be decided. *See York Federal Savings & Loan v. Hazel*, 256 Va. 598, 600 (1998).

Virginia law does not generally favor restraints of trade. *See Grant v. Carotek, Inc.*, 737 F.2d 410, 411 (4th Cir. 1984). Consequently, the employer has the burden of showing the restraint is reasonable. *See Richardson v. Paxton Co.*, 203 Va. 790, 127 S.E.2d 113, 117 (1962). Courts that have reviewed covenants in employment at will contracts have utilized the following criteria to determine whether a restraint is reasonable:

Is the restraint, from the standpoint of the employer, reasonable in the sense that it is no greater than is necessary to protect the employer in some legitimate business interest? (2) From the standpoint of the employee, is the restraint reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a

livelihood? (3) Is the restraint reasonable from the standpoint of a sound public policy?

*See Foti v. Cook*, 220 Va. 800, 805, 263 S.E.2d 430 (1980) (applying this three-part test to a non-solicitation clause). Ordinarily, a court will give effect to the intention of the parties at the time the contract was formed as expressed in the contract language. *See id.* However, the court will not exercise its powers to modify the terms of the contract. *See Alexander v. Kandarp Shah*, CH94-4010 (July 21, 1995)

The Defendant argues that paragraph 9 of the Employment Agreement is properly considered a "non-solicitation" covenant. After a review of the cases, it is clear to the Court that the Defendant is correct. It is also clear that the same test as cited above in *Foti* is the appropriate yardstick as to non-solicitation covenants and non-compete covenants.

First, the Court looks at whether the restriction protects a legitimate business interest. By its nature, the two-year proscription post-employment does protect a legitimate business interest and on its face is not violative of public policy. *See Zuccari, Inc. v. Adams*, 42 Va. Cir. 132 (1997) (Non-solicitation restraint is reasonable from a public policy perspective as the employer should be able to protect its client base from former employees who may leave its employ but continue in the same line of business). The next question is whether the proscription is overly restrictive on the employee's right to earn a living. In this particular case, the Plaintiff would be able to engage in work as an advertising consultant but is not entitled to solicit clients of his former employer for a period of two years after he leaves. The contract, in effect, lengthens this restriction by defining clients not only as active clients, but any clients the firm has had for two years prior to the employee leaving. The Plaintiff argues that the lack of geographic limitation makes such restrictions world wide and is therefore overly broad. However, this court sees a distinction between the significance of a geographic limitation when that limitation requires no business activity within the restricted area versus a time limitation when all non-employer clients would be available for his service. If enough potential customers remain available, then this restriction is not overly restrictive on his ability to earn a living.

Seen in the circumstances of this case, there are still factual questions at issue. Among these are whether the time restriction is overly broad and goes beyond protection of a legitimate business interest. Also, the availability of a non-restricted client pool to the Plaintiff is in issue.

Finally, this court rejects Defendant's contention that the use of the term "indirect solicitation" is ambiguous as to its reach. The Supreme Court in *Foti* directly addressed the issue of indirect solicitation. Inferring a reasonable understanding of the parties' express agreement, the Court held a restriction seeking to prevent the employee from soliciting directly or indirectly the employer's clients was reasonable. *See Foti*, 200 Va. at 807, 263 S.E.2d 430. Accordingly, this Court finds the contract's prohibition of indirect solicitation will not void the contract.

The Court therefore finds:

1. The Plaintiff's theory that the failure of the non-solicitation clause to include a geographic limitation makes it a world-wide restraint and *per se* unreasonable is not supported by the case law;

2. Plaintiff's third point that the contract language is ambiguous as to prohibiting indirect solicitation fails. While the Court cannot add terms to a contract, the Court can define terms in a contract by their normal everyday meaning. This Court finds that the term is not overly broad so as to void the contract;

3. Plaintiff's second and fourth contentions need further evidence, and facts may still be in dispute.

The Motion for Summary Judgment is therefore overruled.