**MICROSTRATEGY, INC., Plaintiff,**

v.

**BUSINESS OBJECTS, S.A., et al., Defendants.**

**No. 01–CV–826.**

United States District Court, W.D. Virginia, Norfolk Division.

Oct. 22, 2002.

---

Thomas J. Cawley, Ingo Frank Burghardt, Hunton & Williams, McLean, VA, Benita Webster Ellen, Hunton & Williams, Norfolk, VA, Peter Edward Moll, Joseph Phillip Lavelle, Howrey Simon Arnold & White, LLP, Washington, DC, James Fredrick Valentine, Howrey Simon Arnold & White, LLP, Menlo Park, CA, Brian D. Wallach, Paul Yang, Howrey Simon Arnold & White, LLP, Washington, DC, for MicroStrategy Inc.

Dana Johannes Finberg, David James Sensenig, McCandish Holton, Richmond, VA, Gary H. Ritchey, Daniel J. Furniss, Theodore G. Brown, III, Townsend and Townsend and Crew LLP, Palo Alto, CA, for Business Objects, S.A.

Michael Braden Hubbard, Seyfarth Shaw, Washington, DC, for Fragomen, Del Rey, Bernsen & Loewy, P.C.

### *ORDER AND OPINION*

FRIEDMAN, District Judge.

This matter has come before the court upon Business Objects, S.A. and Business Objects America, Inc.'s ("defendants") Motion for Partial Summary Judgment of Unenforceability of Employment Agreements. MicroStrategy, Inc. ("plaintiff") has filed two responsive memoranda; first, a Motion to Strike the defendants' Motion as Untimely and second, a substantive opposi-

tion to the Motion. The matter has been fully briefed and is ripe for review. After examination of the briefs, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons more fully articulated below, the plaintiff's Motion to Strike is denied and the defendants' Motion for Partial Summary Judgment is granted in part and denied in part.

## I. Factual Background

On October 30, 2001, the plaintiff filed this lawsuit against the defendants alleging infringement of two of its patents, United States Patent Numbers 6,260,050 ("the '050 patent") and 6,279,033 ("the '033 patent"), as well as other state law tort claims. The complaint was amended twice, first on April 18, 2002 and then again on May 15, 2002. This second amended complaint contains six counts which include: (I) Infringement of U.S. Patent No. 6,279,033; (II) Infringement of U.S. Patent No. 6,260,050; (III) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (IV) Violation of the Uniform Trade Secrets Act, Va.Code § 59.1–336 *et seq.;* (V) Tortious Interference with MicroStrategy Agreements; and (VI) Conspiracy in Violation of Va.Code § 18.2–499 *et seq. See* Pl.'s Second Am. Compl. Dkt. 62 ("Compl."). At the heart of the complaint, the plaintiff alleges that the defendants recruited employees of the plaintiff corporation ("Business Objects Recruits") in order for the defendants to gain access to plaintiff's confidential information, including products and technical advantages, marketing and sales processes, pricing strategies and overall business plans, marketing plans for specific customers and potential customers, and products that had not been released to the public. *See* Compl., ¶¶ 9–12.

The instant Motion for Partial Summary Judgment addresses the employment agreements allegedly interfered with in count five of the complaint. The defendants assert that paragraphs 4.b and 5 of the employment agreements are unenforceable as unreasonable restrictive covenants. Furthermore, the defendants contend that the savings clause in the employment agreements is void and therefore, the entire employment agreement must fall. In response, the plaintiff makes a number of arguments, including (1) that the Motion is untimely and should be struck as violative of the Local Rules, (2) that section 4.b is not at issue in this case, (3) that the solicitation clause in section 5 is valid, and (4) that even if the clause is not valid, the remainder of the employment agreement is enforceable as a result of the savings clause. The court will address each of these issues in turn.

## II. Standard of Review

Summary judgment is appropriate when it is apparent from the entire record, viewed in light most favorable to the nonmoving party, that there are no genuine disputes of material fact. *See, e.g., Clark v. Alexander,* 85 F.3d 146, 150 (4th Cir. 1996); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). When a court declines to grant summary judgment, sufficient evidence must exist favoring the nonmoving party which would allow a reasonable jury to return a verdict for that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A properly supported motion for summary judgment may not be defeated by "the mere existence of some alleged factual dispute between the parties." *Id.* at 247–48, 106 S.Ct. 2505. The requirement is that there are no genuine issues of material fact. *See id.* Entry of

summary judgment is mandated "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

## III. Analysis

### A. Plaintiff's Motion to Strike as Untimely

■ One week after the defendants filed their Motion for Partial Summary Judgment, the plaintiff filed a Motion to Strike the defendants' Motion as untimely filed and violative of the Local Rules of the court. In this Motion, the plaintiff argues that the defendants have unreasonably delayed in the filing of their motion, in violation of the Local Rules. The plaintiff also contends that the defendants' Motion has violated the scheduling order set forth by this court.

In support of its assertion, the plaintiff cites *United States v. Newdunn Assoc.*, 195 F.Supp.2d 751 (E.D.Va.2002). In *Newdunn*, the court refused to consider a motion for partial summary judgment, filed 32 days prior to trial, since it "did not mature within a reasonable time before the trial date." *Id.* at 756. The defendants argue that this case is easily distinguishable, and this court agrees. In *Newdunn*, the court was faced with two complex motions for summary judgment, involving numerous complex issues. Unlike *Newdunn*, this case deals with a simple restrictive covenant, which can easily be ruled upon in the time remaining before trial.

In addition, Local Rule 56(a) states that a motion for summary judgment will be

considered if it is "filed and set for a hearing or submitted on briefs[ ] within a reasonable time before the date of trial. . . ." The defendants filed the Motion for Partial Summary Judgment on September 4, 2002, 35 days prior to the trial date.[1] As an initial matter, the defendants state that the employment agreements were not at issue in the case until the plaintiff amended its complaint on April 18, 2002. Second, the defendants argue that they did not receive all of the agreements at issue until July 11, 2002. Finally, the defendants contend that this Motion was filed one week after the close of fact discovery and is therefore, not unreasonably delayed. However, the plaintiff points to a number of other facts which support its position that the defendants have unreasonably delayed in filing this Motion.

First, is the fact that the defendants argued this point to the state court in a parallel case against two individual Business Objects Recruits.[2] In Exhibit 2 to the plaintiff's Reply Memorandum, the plaintiff furnishes a copy of a Demurrer filed by one of the individual Business Object Recruits in October of 2001. In this Demurrer, the party argues that the non-compete clause (subsection 4.b) of the MicroStrategy employment agreement is unenforceable as it "is punitive and purports to impose limits on employees and former employees far greater that reasonably necessary to protect MicroStrategy's legitimate business interests." Pl.'s Reply, Dkt. 139, Ex. 2. This court does not understand why the defendants, knowing that this argument existed regarding the em-

---

1. The court notes that the trial date was initially pushed back one week, and was ultimately continued to the spring of 2003. However, these changes do not affect the court's decision.

2. This case, *MicroStrategy Inc. v. Thomas J. Papp and Alexander Brown*, filed in the Circuit Court for Fairfax County, Chancery No. 174679, was voluntarily dismissed to facilitate the filing of the First Amended Complaint in this case.

ployment contract back in October of 2001, waited until September of 2002, a month before trial was to commence, to raise it with this court. However, despite the delay, the court had adequate time to review the Motion for Summary Judgment prior to the commencement of trial. Furthermore, it appears that the non-solicitation clause of the employment agreement (subsection 5) was not an issue in the state court case and thus, it was not challenged in the Demurrer. In an effort to streamline the issues for trial, the court will rule on the Motion for Summary Judgment. Therefore, the plaintiff's Motion to Strike is denied.

### B. Defendant's Motion for Partial Summary Judgment

As stated above, the defendants filed a Motion for Partial Summary Judgment that the employment agreements that are the subject of Count V of the Complaint, are unenforceable as a matter of law. The defendants argue that subsections 4.b and 5 of the agreement contains restrictive covenants which unreasonably restrain trade more than necessary to protect the interests of the employer. The defendants further contend that despite the savings clause in subsection 7 of the agreement, the entire agreement is unenforceable based on the invalid restrictive covenants.

#### 1. Subsection 4.b.

Subsection 4.b reads

4. Conflict of Interest. Upon termination of my employment, I am free to exercise in any capacity I choose those skills developed while working for MicroStrategy, provided, however, that:

\*　　\*　　\*　　\*　　\*　　\*

b. I do not directly or indirectly provide services or products competing with those provided by MicroStrategy to any former, present, or prospective clients of MicroStrategy for a period of twelve (12) months following termination of my employment. A prospective client means a business which, at anytime during the period of my employment or twelve (12) months following the termination of my employment, enters into negotiations with MicroStrategy which might lead to the provision of services or products by MicroStrategy to such business.

Defs.' Mem., Dkt. 116, p. 5. The plaintiff's first substantive argument in response to the defendants' Motion is that subsection 4.b is not properly before the court as it is not alleged to be violated in the complaint. The plaintiff points to the language in the complaint which indicates its desire to only pursue violations of sections 4.a and 5. The following paragraphs are quoted by the plaintiff in its response:

Each of the Business Object Recruits entered into a written contract with MicroStrategy ("the MicroStrategy Agreement"), agreeing that they would not at any time disclose or use for the benefit of themselves or anyone other than MicroStrategy any Confidential Information without first having obtained MicroStrategy's permission to do so. *See* Compl. at ¶ 13 (relying on paragraphs 3 and 4.a of the MicroStrategy Agreement).

In the MicroStrategy Agreement, each of the Business Objects Recruits agreed that for a period of one year after the termination of his or her employment with MicroStrategy, he or she would not "directly or indirectly, seek to influence any employees, agents, contractors or customers of MicroStrategy to terminate or modify their relationship with MicroStrategy." *See* Compl. at ¶ 20 (quoting paragraph 5 of the MicroStrategy Agreement).

Pl.'s Resp., Dkt. 131, pp. 11–12.

While the defendants have argued that the plaintiff has introduced this subsection

into the case by questioning various witnesses about it during depositions, the court will not invalidate a section of an employment agreement that is not properly at issue in the case. Therefore, as the plaintiff has not alleged that the Business Objects Recruits violated subsection 4.b, this court declines to rule on the enforceability of this provision.

## 2. Subsection 5

■ Unlike subsection 4.b, subsection 5 is properly before this court as the plaintiff has alleged that the Business Objects Recruits violated this section of their employment agreements. Subsection 5 contains a non-solicitation clause and states that

I agree that, for the period of one (1) year after termination of my employment with MicroStrategy for any reason, I will not, directly or indirectly, seek to influence any employees, agents, contractors or customers of MicroStrategy to terminate or modify their relationship with MicroStrategy.

Defs.' Mem., Dkt. 116, p. 5. The defendants contend that this clause is non-enforceable because it is ambiguous in scope and overbroad. The plaintiff disagrees, arguing that the clause is valid and fully enforceable as a reasonable restriction which is no greater than necessary to protect its legitimate business interests.

■ In Virginia, restrictive covenants, such as non-compete clauses and non-solicitation clauses, are enforceable if they are reasonable. *Foti v. Cook*, 220 Va. 800, 805, 263 S.E.2d 430, 433 (1980). Reasonableness of the covenant is determined by a three-part test, which asks

(1) Is the restraint, from the standpoint of the employer, reasonable in the sense that it is no greater than necessary to protect the employer in some legitimate business interest?; (2) From the standpoint of the employee, is the restraint reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood?; [and] (3) Is the restraint reasonable from the standpoint of a sound public policy?

*Alston Studios, Inc. v. Lloyd V. Gress & Assoc.*, 492 F.2d 279, 282–83 (4th Cir.1974) (citing *Meissel v. Finley*, 198 Va. 577, 95 S.E.2d 186 (1956)); *accord Foti*, 220 Va. at 805, 263 S.E.2d 430. The employer, in this case the plaintiff, has the burden to prove that the restraint is reasonable. *Alston*, 492 F.2d at 283 (quoting *Richardson v. Paxton Co.*, 203 Va. 790, 795, 127 S.E.2d 113, 117 (1962)). Therefore, the court will apply this test to the non-solicitation clause at issue.[3]

First, the plaintiff states that the non-solicitation clause is no greater than necessary to protect its legitimate business interests; those interests being the protection of its client base from its employees who leave its employ but continue to work in the business intelligence field, and protection from the injurious consequences that result from a former employee's use of confidential information acquired during his or her employment with MicroStrategy. The plaintiff argues that the clause is not unduly restrictive in duration and scope, as it only lasts for one year and only prohibits solicitation of customers of MicroStrategy.

---

**3.** While the plaintiff argues that this standard of review only applies to non-compete clauses, citing *Roto–Die Co. v. Lesser*, 899 F.Supp. 1515, 1519 n. 2 (W.D.Va.1995), because the clause could prohibit the former employee from obtaining employment, it shall be analyzed under this standard. *Id.* at 1522 n. 9; *see also Leddy v. Communication Consultants, Inc.*, 51 Va. Cir. 467, 469 (Virginia Beach 2000) (citing *Foti*, 220 Va. at 805, 263 S.E.2d 430).

The defendants, on the other hand, contend that the non-solicitation clause is unreasonably ambiguous and overbroad, and is therefore greater than necessary to protect MicroStrategy's legitimate business interests. The defendants argue that a string of broad and indefinite terms in the clause, such as "indirect," "influence," "modify," and "relationship" create substantial ambiguity which renders the clause invalid. Both federal and state courts in Virginia have held that "subjecting the [former] employee to such uncertainty offends 'sound public policy.'" *Power Distribution Inc. v. Emergency Power Eng'g., Inc.*, 569 F.Supp. 54, 58 (E.D.Va.1983); *accord Meissel,* 198 Va. at 580, 95 S.E.2d 186. The defendants claim that phrases such as "indirectly seek to influence any employees, agents, contractors or customers of MicroStrategy to modify their relationship with MicroStrategy" do not clearly set forth the activities for which the former employees are restricted.

The court agrees with the plaintiff in that the clause is not unduly restrictive in terms of duration, as Virginia courts have upheld clauses which lasted much longer. *See, e.g., Foti,* 220 Va. at 800, 263 S.E.2d 430 (holding that a two-year limitation was reasonable); *Zuccari v. Adams,* 42 Va. Cir. 132, 135 (Fairfax County 1997) (finding a five-year limitation reasonable). However, this court also agrees with the defendants and finds that the language in the non-solicitation clause is quite ambiguous as to its scope. A former employee of the plaintiff has no real yardstick to measure what actions would influence a customer to modify its relationship with MicroStrategy and cause him or her to be in violation of the clause. As the defendants have pointed out, this phrase could mean to a change from a current customer to a former customer, as well as refer to a change in the type of services or products purchased by an existing customer. Read broadly, this phrase could prohibit a former employee from developing a new method of performing the same services offered by MicroStrategy, which would cause customers to leave MicroStrategy in search of the innovative services. Because the clause must be strictly construed against the employer, the court finds that it is greater than necessary to protect the plaintiff's legitimate business interests.

As to the remaining two parts to the *Alston Studios'* test, the court finds that these also lead to the conclusion that the non-solicitation clause is invalid. The clause will restrict the former employee from obtaining any type of job in this industry for fear that it might modify that employer's relationship with MicroStrategy. *See Richardson,* 203 Va. at 795, 127 S.E.2d 113. Furthermore, as stated above, "the *in terrorem* effect on an employee, who must try to interpret the ambiguous provision" of the employment agreement "offends sound public policy." *See Power Distrib.,* 569 F.Supp. at 58 (citing *Meissel,* 198 Va. at 580, 95 S.E.2d 186). Therefore, the court finds that the non-solicitation clause in subsection 5 of the employment agreement is unreasonable and thus, invalid.

### 3. Savings Clause

Finally, the parties dispute whether the savings clause in subsection 7 allows the invalid non-solicitation clause to be severed from the remainder of the restrictive covenants in the employment agreement. Subsection 7 states that

[i]f any clause or provision of this Agreement is ruled invalid or limited by any regulatory agency or court of competent jurisdiction, the invalidity of such clause or provision shall not affect the validity of the remaining provisions, and the remainder of this Agreement shall be en-

forced to the fullest extent permitted by law.

Defs.' Mem., Dkt. 116, p. 5. Both parties have cited case law supporting its position. *Compare Northern Va. Psychiatric Group, P.C. v. Halpern*, 19 Va. Cir. 279, 282 (Fairfax County 1990) (stating that "Virginia follows an 'all-or-nothing rule' with respect to restrictive covenants" and that savings clauses are "against public policy") with *Pitchford v. Oakwood Mobile Homes, Inc.*, 124 F.Supp.2d 958, 965 (W.D.Va.2000) ("Virginia law does permit clauses of contracts to be severed from the main contract if the parties manifest the intent that the portions of the contract can survive on their own."). Upon review of the employment agreement as a whole, this court finds that the non-solicitation clause is independent from the remainder of the restrictive covenants. Courts have generally acknowledged the importance of restrictive covenants to protect confidential information and trade secrets. *See Roto–Die*, 899 F.Supp. at 1522–23 (refusing to strike the whole agreement based on an invalid non-compete covenant where other clauses in the agreement are important for protecting confidential information and trade secrets). The instant employment agreement also contains restrictive covenants protecting the plaintiff's confidential information and this court sees no reason to strike these clauses. Furthermore, the parties' clear intent was to allow for the severability of any clause that was later found to be invalid. *See id.* ("This [savings] clause indicates the parties intent to preserve portions of the covenant should other portions be voided."). Therefore, the non-solicitation clause will be severed from the employment agreement and struck. The remainder of the employment agreement shall remain enforceable.[4]

**4.** The remainder of the agreement is enforceable to the extent that it has not been declared invalid or unenforceable. The court does not

## IV.  Conclusion

For the reasons stated above, the plaintiff's Motion to Strike is **DENIED** and the defendants' Motion for Partial Summary Judgment of Unenforceability of Employment Agreements is **GRANTED** with respect to subsection 5 and **DENIED** with respect to subsection 4.b and severability.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record.

It is so **ORDERED**.

rule on the validity of the sections of the employment agreement that are not properly before it.