Present:  All the Justices

BRUCE MOORE, ET AL.

OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 981872                June 11, 1999

ED MARONEY, IN HIS OFFICIAL
CAPACITY AS CITY MANAGER FOR
THE CITY OF NEWPORT NEWS, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Charles S. Russell, Judge Designate

The Virginia Freedom of Information Act, Code §§ 2.1-340 through -346.1 (the Act), provides that certain "official records" in the possession of any employee of a public body are "excluded" from the Act's disclosure requirements.  Code § 2.1-342(A) and (B).  Among the records excluded are "personnel records containing information concerning identifiable individuals."  Code § 2.1-342(B)(3).  The Act does not define the term "personnel records."

In August 1997, appellants Bruce Moore and WVEC Television, Inc., filed a petition for mandamus and injunctive relief against appellee Ed Maroney, in his official capacity as City Manager for the City of Newport News, and against appellee Dennis Mook in his official capacity as the City's "Interim" Chief of Police.  The defendants filed a demurrer.

Upon consideration of memoranda of law and argument of counsel, the trial court sustained the demurrer and dismissed the action in a June 1998 order, which did not state reasons for

the ruling.  The plaintiffs did not move to amend the petition and appealed.

The sole assignment of error is:  "The trial court erred when it ruled that documents relating to a police investigation of possible misconduct by a named public official are exempt from disclosure under [the Act] on the ground that they are personnel records within the meaning of the Act."

We shall recite the sparse facts contained in this record according to settled principles of appellate review.  A demurrer admits the truth of all material facts that are properly pleaded.  All reasonable factual inferences fairly and justly drawn from the allegations must be considered in aid of the pleading.  But a demurrer does not admit the correctness of the pleader's conclusions of law.  Ward's Equip., Inc. v. New Holland N. America, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

In the petition, the plaintiffs alleged that Moore was employed by WVEC Television as a news reporter and that the service area of WVEC included the City of Newport News.  The plaintiffs further alleged that defendants transact public business and, in the course of their public duties, "maintain, create and possess certain official records" relating to the City's "Codes and Compliance Department."

The plaintiffs also alleged that in May 1997, reporter Moore sent a letter request under the Act to the City Manager and the Interim Chief of Police, who "was at that time a custodian of the documents in question."  The letter asked disclosure of:  "Any and all tapes, transcripts, photos and reports generated by the City's investigation of possible misconduct by employees within the Newport News Codes and Compliance Department."  The letter asked that the disclosure include "all material generated by the surveillance of" a named former plumbing inspector and another individual not employed by the City.

The plaintiffs further alleged that defendant City Manager, in a June letter, refused the request and stated:  "'The information which you have requested constitutes personnel and medical records of employees of the City of Newport News.  Therefore, pursuant to the provisions of § 2.1-342(B)(3), I must respectfully decline your request for copies of these records.'"

The plaintiffs also alleged that the investigation had ended and all action taken by the City with regard to it had been completed.  Further, they alleged that the named plumbing inspector "has retired."  In addition, the plaintiffs alleged that "the information requested does not in any way constitute personnel records and is not contained exclusively in the personnel files of" the plumbing inspector.

Further, the plaintiffs alleged that the Interim Chief of Police "is a custodian of the requested documents and is not a custodian of the personnel files of any employees." Additionally, plaintiffs alleged that the "exemption" cited by the City Manager was "not applicable" because the records are not personnel records.

In their request for relief, the plaintiffs asked for issuance of a writ of mandamus commanding the defendants to comply with the Act and to disclose "immediately" the requested information. The plaintiffs also sought an injunction requiring defendants to comply with the Act. An affidavit of Moore corroborating the factual allegations and copies of the letters were filed with the petition.

On appeal, the plaintiffs, relying upon cases from other jurisdictions and upon opinions of the Attorney General of Virginia, contend the trial court's "holding that a police investigation of official misconduct would be a part of a public employee's personnel record gives a new meaning to the term 'personnel records.' In light of the . . . Act's clear admonition that it be interpreted to effectuate disclosure and to minimize the effect of exemptions from disclosure, the lower court's interpretation is erroneous."

Continuing, the plaintiffs contend "[i]t is impossible to conceive or articulate a rationale for holding that a police

4

investigation of a public employee is a normal part of the personnel records of that employee.  This is especially true where, as here, the investigation results in the employee's retirement rather than disciplinary action, and the investigation was not internal, but was conducted by a separate public agency.  In fact, the documents were still in the hands of the police department when the request was filed."

The trial court's ruling, according to the plaintiffs, "suggests that, for public employees, a police department can be equated with a private company's personnel department, and that a police investigation is an appropriate evaluative tool for measuring the performance of public employees.  Ruling that police surveillance tapes showing an official inspector's misconduct in the discharge of his professional duties is a typical employee record stretches the meaning of 'personnel records' as that term is commonly understood."

Responding, defendants note that plaintiffs' request made reference only to an investigation of "possible misconduct" of the City employee, and that the City's response said nothing about material related to a criminal investigation, which is exempt from disclosure under Code § 2.1-342(B)(1).  Thus, "[t]he only reasonable inference to be drawn from the pleadings," according to defendants, "is that such investigative material as

5

does exist relates to misconduct under the City's standards for employee conduct, not to crimes."

Under these circumstances, defendants contend, "the exigencies of local government frequently require police officers to perform activities only marginally related, at best, to . . . traditional [police] functions." Defendants note that the City's Charter authorizes the City Manager to assign employees of any department to the temporary performance of duties in another department. Accordingly, defendants argue, police participation in an internal investigation in another municipal department does not alter the nature of the record and negate its classification as a "personnel record."

We are confronted in this case with a problem similar to the one that we encountered in LeMond v. McElroy, 239 Va. 515, 391 S.E.2d 309 (1990), another appeal under the Act. There, as here, we were presented with persuasive arguments on both sides of the important question presented. Yet, the appellate record was insufficient, and we refused "to decide the issue in a vacuum." Id. at 520, 391 S.E.2d at 312.

In order to demonstrate the dilemma, we will summarize the bare facts alleged in the petition. WVEC is a television station serving an area that includes the City of Newport News. Moore is a reporter for WVEC. The City Manager and Interim Chief of Police are duly appointed public officials who transact

6

public business.  Moore sent a request under the Act to defendants for certain designated records.  The City Manager responded to the request stating that the requested information constituted "personnel and medical records" of City employees and were exempt from disclosure under the Act.  The individual who was the target of the investigation has retired.  At the time they were requested, the records were not contained in the employee's personnel file but were in the possession of the Interim Chief of Police.  In this summary, we have disregarded the pleader's conclusions of law, such as, "the information requested does not in any way constitute personnel records"; this is the ultimate issue of law in the case.

The parties, on brief, have furnished us with additional facts unsupported by the allegations of the petition for mandamus, the legal sufficiency of which is tested by the demurrer.  For example, the plaintiffs tell us that "[p]olice investigative materials such as photos, surveillance tapes, etc., are not a standard part of a government employee's personnel file, nor are these materials normal evaluative tools for public employees."  We do not know from this record what is a "standard" part of personnel records in the City of Newport News, and we cannot judicially note that fact.

Likewise, the defendants tell us that "[u]pon receiving allegations of possible misconduct by a plumbing inspector in

March 1997, the City of Newport News initiated an investigation. Because the inquiry was deemed to require specialized investigative skills and equipment, police officers were assigned to investigate. Before the police chief could forward the results of the officers' investigation to the employee's department head for his consideration of possible disciplinary action, the employee elected to retire." These assertions must be disregarded on demurrer, but they are consistent with our view that, under certain circumstances, investigative materials dealing with employee misconduct may indeed be a "standard" part of employee personnel records. But we cannot judicially note that fact either.

Moreover, and significantly, we also do not know from the factual allegations, or inferences flowing therefrom, the precise nature of the records with which we are dealing. They have been described in general terms, i.e., "tapes, transcripts, photos and reports" as well as "material" generated by surveillance. But we do not know, for example, whether the reports and surveillance "material" are addressed only to the supervisor of the police investigator, in which case they may be purely police records, or whether they are addressed to the head of the plumbing inspector's department, in which case they may indeed be personnel records.

"Routinely, confidential records are filed for in camera inspection by a trial court and, if necessary, by an appellate court." LeMond, 239 Va. at 520, 391 S.E.2d at 312. See Gloucester County Dep't of Soc. Serv. v. Kennedy, 256 Va. 400, 403-04, 507 S.E.2d 81, 82-83 (1998) (report of investigation of alleged child abuse submitted for court's in camera review). Here, the plaintiffs made no effort to have the records at issue produced for examination by the trial court in camera, a practice that we encouraged in cases of this type in LeMond, 239 Va. at 520, 391 S.E.2d at 312. In LeMond, as here, there was no evidentiary hearing; counsel for the parties merely made "factual representations and argument." Id. at 518, 391 S.E.2d at 311.

Accordingly, we reach the same result here that we reached under similar circumstances in LeMond. The trial court's ruling will stand but without our approval. The judgment will not be reversed because the responsibility for presenting an adequate appellate record is upon the appellants who seek reversal of the decision below. Id. at 520-21, 391 S.E.2d at 312.

Thus, the order appealed from will be

Affirmed.


JUSTICE LACY, with whom JUSTICE KEENAN and JUSTICE KINSER join, dissenting.

9

This appeal comes to us from an order of the trial court sustaining the defendants' demurrer and dismissing the petition for writ of mandamus. Unlike a motion for summary judgment in which the trial court decides the merits of a claim, a demurrer only tests the sufficiency of factual allegations to determine whether the pleading states a cause of action. Fun v. Virginia Military Institute, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). To the extent factual matter is in doubt, the doubt must be resolved in favor of the allegations in the pleading. See id. at 253, 427 S.E.2d at 183.

In considering a demurrer the trial court is limited to consideration of the pleadings alone and may determine only whether the pleadings state a cause of action upon which relief can be granted. The trial court cannot resolve the merits of the case or expand the record before it by considering other evidence. In reviewing the decision of the trial court overruling or sustaining a demurrer, we are likewise limited to consideration of the pleadings alone and the facts contained therein. Id. at 252, 427 S.E.2d at 183.

Applying these principles, I cannot agree with the majority's conclusion that the petitioners, appellants here, failed in their burden to provide a record sufficient for us to review the decision of the trial court in this case. The record before us, although slim, contains the petition for a writ of

mandamus, the demurrer, and the trial court's order granting the demurrer and dismissing the case. No further record is necessary or proper for our consideration in resolving the issue presented by this appeal. In the procedural posture of this case, taking the allegations in the pleading as true as we must, I conclude that the petition for a writ of mandamus sufficiently states a claim upon which relief can be granted.

In order to prevail on a petition for a writ of mandamus to enforce the provisions of the Freedom of Information Act (FOIA), the material requested must be an "official record" maintained by a "public body" that is not exempt from disclosure under the terms of the Act. See Code §§ 2.1-342, -346. In this case, the petition for a writ of mandamus described the material requested ("tapes, transcripts, photos and reports generated by the City's investigation of possible misconduct by employees" and "material generated by the surveillance" of a former employee and a non-employee), identified the public body maintaining the material sought (the City, the City Manager and the interim Chief of Police) and asserted that the material sought was not a personnel record.[*] Nothing on the face of the petition flatly

---

[*] Petitioner's assertion that the material sought is not a "personnel record" is a mixed conclusion of fact and law. Although we are not required to accept bare conclusions of law on demurrer, we are required to accept conclusions that turn on the resolution of factual disputes.

contradicts the assertions the petitioners make with regard to the nature of the material sought.

The respondents argue that because the petitioners describe the material sought in the petition for writ of mandamus as relating to "possible misconduct" of employees the material is personnel records as a matter of law.  Since employee misconduct is a personnel matter, argue respondents, the material is exempt from disclosure under the FOIA.  Considering the pleadings as a whole, I disagree.

Personnel records are not defined by the FOIA.  In the absence of provisions in the Act which unequivocally make the specific factual material described in this petition personnel records, the determination of whether the requested material constitutes personnel records will require development of a factual record and examination of such things as the precise nature of the material sought, the practice of the City with regard to the material it maintains as personnel records and the application of the purposes of the FOIA itself.  Although, as the majority notes, both the petitioners and the respondents allege factual matters relative to these factors in their arguments and briefs, those factual matters cannot be considered by us in this appeal.

At this stage, it is impossible to say that material described in the petition as held by city officials and

12

concerning a former employee and non-employee is personnel records. Thus, as the majority notes, resolution of the ultimate issue in the case — whether the material sought is exempt from disclosure under the personnel records exclusion — requires additional development of the record. Nevertheless, I cannot conclude that the appellants-petitioners failed to provide a sufficient record to determine the issue presented in this appeal, whether the petition can survive the demurrer filed by the defendants. Regardless of whether the petitioners might ultimately prevail, I believe the petition sufficiently alleged a cause of action upon which relief could be granted.

This conclusion normally would require that the trial court's judgment be reversed and the case remanded for further proceedings. However, the petitioners' assignment of error and the arguments put forth under that assignment do not address the sufficiency of the pleadings. Rather, the petitioners argue the merits of the case, asserting that the records sought are as a matter of fact and law not personnel records. The petitioners do not ask that the case be remanded for further proceedings but that we conclude that the material requested is not personnel records and enter an order requiring production of the requested material. The relief requested by the petitioners, although within the scope of appellate review when considering a trial court's action on a motion for summary judgment, is not

available when reviewing the sustaining of a demurrer. Accordingly, I would dismiss the appeal as improvidently granted.