Present:  Hassell, C.J., Lacy, Koontz, Kinser, Lemons, and
Agee, JJ., and Russell, S.J.

PAUL C. BLAND                           OPINION BY
                              SENIOR JUSTICE CHARLES S. RUSSELL
v.  Record No. 051882                   June 8, 2006

VIRGINIA STATE UNIVERSITY

                FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                      Samuel E. Campbell, Judge

     This appeal involves the application of the Virginia

Freedom of Information Act (FOIA), Code § 2.2-3700 et seq.

There are no facts in dispute.

                        *Facts and Proceedings*

     The Association to Advance Collegiate Schools of Business

(AACSB) is an academic body to which business schools apply

for accreditation.  Seeking accreditation for its business

school by the AACSB, Virginia State University (VSU), an

agency of the Commonwealth, submitted annual reports to that

body.

     Paul C. Bland, a former member of the VSU faculty, by

letter delivered January 31, 2005, requested VSU to provide

him with copies of its annual reports to AACSB for the years

2003 and 2004, pursuant to FOIA.  VSU responded on February 3,

2005, by providing Bland with copies from which information

concerning faculty members identified by name, including Bland

himself, had been redacted.  The response did not invoke any

statutory exemption to justify the redactions, as required by

Code § 2.2-3704(B)(3), but the custodian of the records at VSU sent an e-mail to Bland on February 7, 2005, referring to Code § 2.2-3705.1, which provides, in pertinent part:

> The following records are excluded from the provisions of this chapter . . . [p]ersonnel records containing information concerning identifiable individuals, except that access shall not be denied to the person who is the subject thereof.

Bland, pro se, filed a petition in the trial court alleging a willful violation of FOIA and requesting production of documents, mandamus, costs and civil penalties. The court heard the matter ore tenus. At the hearing, VSU produced the complete, unredacted AACSB reports for the years 2003 and 2004 for the court's inspection in camera. Counsel for VSU also offered to permit Bland to inspect the complete reports at the hearing, but did not furnish copies or offer them as exhibits and they were not made a part of the record.[1] The hearing consisted only of the oral arguments of the parties and the court's inspection, in camera, of the reports. No other evidence was presented.

At the conclusion of the hearing, the trial court held that VSU was entitled to invoke the personnel exemption as the basis for withholding information regarding its employees or

---

[1] In oral argument on appeal, counsel for VSU stated that the reports were returned to him and not delivered to the clerk of the trial court.

former employees and that its failure to disclose that information was not willful.  The court therefore denied Bland's claim for civil penalties.  Although the court's final order was silent on the subject, the court ruled from the bench at the hearing that Bland was entitled to any personnel information regarding Bland himself that was contained in the reports.  Counsel for VSU agreed to provide Bland with the originally redacted information that pertained to him.

Six weeks after the hearing, but before the entry of the final order, Bland made a motion in the trial court for the entry of an order requiring VSU to produce the complete 2003 and 2004 AACSB reports in order that they could be made a part of the record for the purpose of appeal.[2]  The court denied the motion and entered a final order.  Thus, the reports that the court had examined and relied upon to make its decision were not made a part of the record.

We awarded Bland an appeal.  He assigned error (1) to the trial court's failure to find that VSU had violated the FOIA, (2) to the trial court's refusal to permit the record to be

---

[2] Bland also asserted in his motion that VSU had provided him with some, but not all, of the information in the reports that pertained to him personally.  When the motion was argued, counsel for VSU provided Bland with additional information from the reports pertaining to Bland. Counsel for VSU stated that it had been omitted through oversight.

completed, and (3) to the denial of his constitutional due process rights.  In the circumstances of this case, the issue raised by the second assignment of error is dispositive.

*Analysis*

The exclusion from the record of any evidence that the trial court has considered in reaching its decision, when the evidence has been properly tendered for the record by a litigant, impedes appellate review and constitutes an abuse of discretion.  An exhibit offered in evidence, whether admitted or not, becomes a part of the record when initialed by the trial judge, and not before.  Rule 5:10(a)(3).  The duty of the trial judge to make up the record in this respect is a judicial function, and cannot be delegated.  Town of Falls Church v. Myers, 187 Va. 110, 119, 46 S.E.2d 31, 36 (1948).  An appellate court cannot review the correctness of a trial court's decision unless the evidence upon which the trial court relied is included in the record on appeal.  Packer v. Hornsby, 221 Va. 117, 121, 267 S.E.2d 140, 142 (1980).

The lack of such a record precludes our consideration of Bland's first assignment of error.  The question whether the trial court correctly ruled upon the applicability of the "personnel exemption" to the reports in issue can only be answered by an inspection of the reports themselves.

4

Bland's third assignment of error is subsumed by the second.  His contention that his constitutional rights were violated is based only upon the trial court's refusal to complete the record by including the complete 2003 and 2004 AACSB reports.  Our ruling on the second assignment of error makes consideration of the constitutional question unnecessary.  See Volkswagen of America v. Smit, 266 Va. 444, 454, 587 S.E.2d 526, 532 (2003) (constitutional questions will not be decided if the case can be decided on other grounds); Keller v. Denny, 232 Va. 512, 516, 352 S.E.2d 327, 329 (1987) (same).

*Conclusion*

This appeal illustrates a problem seemingly endemic to FOIA cases.  Following LeMond v. McElroy, 239 Va. 515, 391 S.E.2d 309 (1990), and Moore v. Maroney, 258 Va. 21, 516 S.E.2d 9 (1999), this is the third appeal of an FOIA decision in which appellate review has been obstructed by the absence of the essential record.  As we pointed out in those cases, we cannot "decide the issue in a vacuum;" we encouraged the filing of allegedly confidential records for in camera inspection by the trial court and, if necessary, by an appellate court.  LeMond, 239 Va. at 520, 391 S.E.2d at 312; Moore, 258 Va. at 27, 516 S.E.2d at 12.  Concerns of confidentiality may be met by an order of the trial court

5

directing that the records be kept under seal, a course suggested by Bland in the present case.

In <u>LeMond</u> and <u>Moore</u>, the failure to preserve the essential record was the fault of the litigants.  Because the responsibility for presenting an adequate appellate record was upon the appellants seeking reversal of the trial courts' decisions, we affirmed, without approving, the judgments of the trial courts in both cases.  <u>LeMond</u>, 239 Va. at 520-21, 391 S.E.2d at 312; <u>Moore</u>, 258 Va. at 27, 516 S.E.2d at 12-13.  Here, by contrast, Bland, the appellant, moved the trial court to include the essential reports in the record under seal, but VSU opposed the motion and the trial court denied it.  That ruling effectively prevented appellate review and was an abuse of discretion requiring reversal.

Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion, limited to the issue raised by Bland's first assignment of error.

<u>Reversed and remanded.</u>