COURT OF APPEALS OF VIRGINIA

Present:   Judges Chaney, Callins and Senior Judge Humphreys
Argued at Leesburg, Virginia

COMMONWEALTH OF VIRGINIA, ET AL.

                                                          OPINION BY
v.       Record No. 0330-23-4                    JUDGE VERNIDA R. CHANEY
                                                          APRIL 29, 2025

HEATHER SAWYER

                    FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                              William T. Newman, Jr., Judge

            Erika L. Maley, Principal Deputy Solicitor General (Jason S.
            Miyares, Attorney General; Steven G. Popps, Deputy Attorney
            General; Christopher P. Bernhardt, Assistant Attorney General;
            Andrew N. Ferguson, Solicitor General; Annie Chiang, Assistant
            Solicitor General, on briefs), for appellants.

            Alia L. Smith (Charles D. Tobin; Rachel Baron; Ballard Spahr
            LLP; American Oversight, on brief), for appellee.

            Amici Curiae: Reporters Committee for Freedom of the Press,
            Virginia Coalition for Open Government, The Media Institute, The
            National Freedom of Information Coalition, The National Press
            Photographers Association, The News Leaders Association, The
            News/Media Alliance, The Society of Environmental Journalists,
            Society of Professional Journalists, and Student Press Law Center
            (Lin Weeks; Bruce D. Brown; Katie Townsend; Tyler Takemoto;
            Reporters Committee for Freedom of the Press, on brief), for
            appellee.


        Governor Glenn Youngkin issued Executive Order One "Ending the use of inherently

divisive concepts, including critical race theory, and restoring excellence in K-12 public

education in the Commonwealth" and then created an education helpline (Tip Line) for citizens

of the Commonwealth to call in and "to send us reports and observations that they have that will

help us be aware of [divisive practices]."  Heather Sawyer sought records of the Tip Line under

the Virginia Freedom of Information Act (VFOIA), some of which were withheld by the Office of the Governor[1] under the working papers exemption.

Sawyer thereafter petitioned for mandamus and injunctive relief, alleging that the Office of the Governor failed to conduct an adequate search in response to her records request. Sawyer also alleged that the Office of the Governor improperly withheld records not exempted from disclosure under the "working papers and correspondence" exemption in Code § 2.2-3705.7(2). During the petition and demurrer hearing, the Commonwealth physically produced the withheld records and requested the circuit court to review them in camera. The circuit court overruled the demurrer and denied the request for in camera review. The circuit court then granted Sawyer's petition, requiring the Commonwealth to produce all withheld records without first taking evidence on whether the working papers exemption applied. The Commonwealth appeals, arguing that the circuit court erred by overruling the demurrer and granting mandamus and injunctive relief.

The circuit court did not err by overruling the demurrer, but it did err by compelling disclosure of the withheld records without an evidentiary hearing. Although Sawyer pleaded claims that would entitle her to relief under the VFOIA statute, the circuit court's decision to grant mandamus and injunctive relief was premature. Consequently, it resulted in a record inadequate for appellate review. This Court, therefore, affirms the judgment denying the demurrer but reverses the circuit court's judgment granting Sawyer mandamus and injunctive relief. We remand the case with instructions for the circuit court to conduct an evidentiary hearing to ascertain whether the working papers exemption under Code § 2.2-3705.7(2) applies.

---

[1] The Commonwealth represents the Office of the Governor in this case. Thus, we refer to this party as "the Commonwealth" when discussing the litigation but use the "Office of the Governor" when discussing that office's pre-litigation responses to the FOIA requests.

BACKGROUND

On January 15, 2022, the Governor signed Executive Order One (EO 1): "Ending the use of inherently divisive concepts, including critical race theory, and restoring excellence in K-12 public education in the Commonwealth."[2]  A few days later, the Governor publicized an email Tip Line for the public to submit questions or concerns related to EO 1.[3]  The Governor said his administration was "asking for folks to send us reports and observations that they have that will help us be aware of [divisive practices]."  The Governor stated his administration would "catalogue it all," helping the administration "enforce" EO 1 and "root out" "divisive practices."

Sawyer is a Virginia resident and Executive Director of American Oversight, a nonpartisan, non-profit organization "committed to promoting transparency in government."  She made a series of requests to the Office of the Governor for information about the Tip Line under VFOIA.  Sawyer sought two categories of information:

> **General Communications:** (a) Communications about the Tip Line between persons inside the Office of the Governor and (i) persons outside of government or (ii) Commonwealth employees outside of the Office of the Governor, and (b) records about the Tip Line made available to (i) persons outside of government or (ii) Commonwealth employees outside of the Office of the Governor.

> **Specific Communications:** (a) Emails between specifically identified government officials and specifically identified non-governmental individuals/organizations, and (b) emails sent by (or at the request of) certain specifically-identified individuals containing specific key terms.

In response to the general communications request, the Office of the Governor produced four pages of records and stated that they had withheld "approximate[ly] . . . twelve pages" under

---

[2] https://perma.cc/MC4F-DZRX.

[3] The Tip Line was originally created to gather public comments regarding Executive Order Two, permitting parents to opt their children out of school mask mandates, but was soon expanded to cover EO 1.

Code § 2.2-3705.7(2), exempting from disclosure the "working papers and correspondence of the Office of the Governor."

In response to the specific communications request, the Office of the Governor produced 144 pages of records. However, it informed Sawyer that it had withheld about 700 pages of records under the working papers exemption. A supplemental response specified that 629 pages of documents consisted of "correspondence and working papers between and among the personnel of the Office of the Governor." The other exempt documents consisted of "correspondence and working papers from the Office of the Governor" to others, including 37 pages of correspondence between "individuals in the Office of the Governor" and unspecified "individuals in the Department of Education," 71 pages of correspondence "sent from the Office of the Governor to . . . members of the General Assembly and/or their aides, and/or other Virginia government officials," and 11 pages consisting of "working papers of the Office of the Governor." Code § 2.2-3705.7(2). In addition, the Office of the Governor considered "a few documents which are personnel related" exempt from disclosure under the personnel exemption of Code § 2.2-3705.1.

Sawyer petitioned for injunctive and mandamus relief against the Commonwealth of Virginia, the Office of the Governor, and Governor Youngkin for failure to make public the requested records under Code § 2.2-3704(A). As to the general communications request, Sawyer claimed that the Office of the Governor "fail[ed] to conduct a reasonable search for responsive records." She asserted that it was "not credible" that only 16 pages of records were responsive to this request, given the importance of the Tip Line to "constituent services." As to the specific communications request, Sawyer claimed that the Office of the Governor "failed to justify the application of this exemption" for correspondence and working papers. She alleged that the

- 4 -

working papers exemption "does not apply to the requested records and that, therefore, they must be disclosed."

Sawyer requested a hearing, an injunction preventing the Office of the Governor from further violating the VFOIA, and a writ of mandamus ordering the Office of the Governor to conduct a reasonable search for records and to provide her with access to the public records and those improperly withheld. The Commonwealth demurred, arguing that Sawyer's petition for mandamus and injunctive relief failed to state a claim for violations of VFOIA because (1) her assertions were based on her "mere disbelief" that the Office of the Governor conducted reasonable searches and (2) the Office had no obligation to explain why the exemptions applied to Sawyer's requests. The Commonwealth offered to produce the documents for in camera review if the demurrer was overruled.

The circuit court held a one-hour hearing on Sawyer's petition for injunctive and mandamus relief and the Commonwealth's demurrer. Sawyer argued that the Commonwealth failed to meet its burden of proving that the records she sought fell within the exemption and, therefore, the records "must now be disclosed." She also explained that she was seeking information that would enable her to verify whether the Commonwealth had conducted an adequate search. The Commonwealth argued that Sawyer's mere "disbelief that the Office conducted a reasonable search for responsive documents does not overcome the well-established presumption that the search was conducted in good faith to reasonably discover documents." As to the general and specific communications requests, the Commonwealth explained that because "[VFOIA] does not require the office of the Governor to . . . justify how the exemptions apply to the withheld records when it invokes the exemptions," Sawyer's petition failed to state a claim. Thus, the Commonwealth claimed that Sawyer's petition contained only an unsupported legal conclusion that the working papers exemption does not apply.

At the hearing, the Commonwealth presented nearly 800 pages of responsive records for in camera review to demonstrate that the search was adequate and the exemptions applied. The Commonwealth argued that this approach "[ha]s been repeatedly endorsed by the Supreme Court" and serves policy purposes such as "balanc[ing] the interest in disclosure that's in the [V]FOIA law with the need to preserve as confidential and exempt records that . . . have [been] identified as exempt" from VFOIA.

Sawyer responded that an in camera review would be burdensome and argued that "what the federal courts do is have the government create a *Vaughn* index[4] or produce redacted documents" showing information such as the date, senders, and recipients. Sawyer stated that, by following such evidentiary procedures, "we can probably get rid of a lot of documents because maybe we agree that they fall within the exemption," and the circuit court could then hear any remaining disputes.

The circuit court overruled the demurrer and granted Sawyer's petition "without requesting to receive . . . the records under seal" for review and ordered the Commonwealth to produce all the withheld documents. The Commonwealth noted this appeal.

ANALYSIS

The Commonwealth first argues that the circuit court erred by denying its demurrer. The Commonwealth contends that (1) the Office of the Governor was entitled to a presumption of good faith in conducting the search for responsive records, (2) it had complied with the identification requirements in Code § 2.2-3704(B)(1) in its description of the withheld documents, and (3) the documents were exempt from disclosure under the working papers

---

[4] A *Vaughn* index—named for *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)—is a tool typically used in federal FOIA litigation to identify documents purportedly exempted from disclosure. "It is also known as a 'privilege log.'" *Citizens for Fauquier Cnty. v. Town of Warrenton*, 81 Va. App. 363, 390 (2024).

exemption, Code § 2.2-3705.7(2). Thus, the Commonwealth concludes that Sawyer failed to state a claim under VFOIA and the circuit court should have sustained its demurrer.

Second, the Commonwealth argues that the circuit court erred in granting Sawyer's petition for mandamus and injunctive relief. The Commonwealth contends that the circuit court ordered disclosure of those records without conducting an in camera review or ordering other evidentiary procedures to determine whether the withheld documents were exempt from disclosure under the working papers exemption.

This Court finds that the circuit court did not err in denying the Commonwealth's demurrer. The facts stated by Sawyer in her petition, if accepted as true, form the basis of claims for which the circuit court may properly grant relief under VFOIA. This Court, therefore, affirms the circuit court's overruling of the Commonwealth's demurrer.

However, we agree with the Commonwealth that the circuit court erred by granting the mandamus petition. The circuit court's decision to grant mandamus and injunctive relief, without taking *any* evidence, deprived us of the ability to conduct a meaningful review. This Court, therefore, reverses the circuit court's ruling on the petition and remands for the appropriate evidentiary procedures to be followed.

I. The circuit court did not err by denying the Commonwealth's demurrer.

A. *Sawyer's petition stated a claim under VFOIA.*

A circuit court's decision on a demurrer presents a question of law that we review de novo. *Bragg Hill Corp. v. City of Fredericksburg*, 297 Va. 566, 577 (2019). "[A] demurrer has one purpose—to determine whether a complaint states a cause of action upon which the requested relief may be granted." *Assurance Data, Inc. v. Malyevac*, 286 Va. 137, 145 (2013). "A demurrer . . . admits the truth of all material facts that are properly pleaded." *Harris v. Kreutzer*, 271 Va. 188, 195 (2006). "The facts admitted are those expressly alleged, those that

- 7 -

are impliedly alleged, and those that may be fairly and justly inferred from the facts alleged." *Id.*

"The [circuit] court is not permitted on demurrer to evaluate and decide the merits of the allegations set forth in a [motion], but only may determine whether the factual allegations of the [motion] are sufficient to state a cause of action." *Id.* at 195 (quoting *Riverview Farm Assocs. Va. Gen. P'ship v. Bd. of Supervisors*, 259 Va. 419, 427 (2000)). "[L]ike the [circuit] court, we are confined to those facts that are expressly alleged, impliedly alleged, and which can be inferred from the facts alleged." *Id.* at 196.

"Whether documents . . . should be excluded under [VFOIA] is a mixed question of law and fact." *Hawkins v. Town of S. Hill*, 301 Va. 416, 424 (2022) (alterations in original) (quoting *Va. Dep't of Corr. v. Surovell*, 290 Va. 255, 262 (2015)). This Court "reviews issues of statutory interpretation and a circuit court's application of a statute to its factual findings[] de novo." *Id.* (quoting *Cole v. Smyth Cnty. Bd. of Supervisors*, 298 Va. 625, 636 (2020)). Conversely, this Court defers "to the [circuit] court's factual findings and view[s] the facts in the light most favorable to the prevailing part[y]." *Id.* (third alteration in original) (quoting *Surovell*, 290 Va. at 262).

"The legislature has set forth clear statutory canons of construction for the VFOIA. 'By its own terms, the statute puts the interpretative thumb on the scale in favor of disclosure[.]'" *Id.* (quoting *Fitzgerald v. Loudoun Cnty. Sheriff's Off.*, 289 Va. 499, 505 (2015)). VFOIA mandates that:

> The provisions of this chapter *shall be liberally construed* to promote an increased awareness by all persons of governmental activities and afford every opportunity to citizens to witness the operations of government. Any exemption from public access to records or meetings *shall be narrowly construed* and no record shall be withheld or meeting closed to the public unless specifically made exempt pursuant to this chapter or other specific provision of law.

Code § 2.2-3700(B) (emphases added).

The Commonwealth's first ground for demurrer rests on a presumption that it searched for the documents in good faith, in accordance with the law. The Commonwealth argues that Sawyer pleaded no facts overcoming the presumption of good faith. It contends that Sawyer had the burden, in seeking injunctive relief, to state with specificity the supporting facts proving that the government's search was inadequate. Sawyer responds that the Commonwealth had that burden because the documents sought were exclusively in the Governor's possession.

Virginia's "Freedom of Information Advisory Council" (Advisory Council) has issued an instructive advisory opinion on the matter[5]:

> [VFOIA] does not specify the extent to which a public body must search for records in response to a request. . . . [T]he law does not require that a public body make a detailed explanation of how the search was conducted. . . .
>
> . . . Questions of reasonableness are matters for the courts to decide. . . . [I]f the extent of a search becomes an issue in litigation, it is within the powers of a court to order a public body to perform a search and to delineate the parameters of that search.

Advisory Council AO-04-10, available at https://perma.cc/W3QT-ZQY9 [hereinafter "AO 4-10"]. The advisory opinion quotes *WTAR Radio-TV Corp. v. City Council of Virginia Beach*, 216 Va. 892 (1976), which held that "the law never presumes that a man will violate the law. Rather, the ancient presumption is that every man will obey the law. . . . [A] similar presumption follows the public official into his office." AO 04-10 (quoting *WTAR Radio*, 216 Va. at 895). The Commonwealth relies on *WTAR Radio* to assert that it presumably conducted an adequate search.

The Commonwealth overextends the principle that "the ancient presumption is that every man will obey the law." This is not a holding about a presumption that must be overcome with

---

[5] The Supreme Court of Virginia has held that opinions from the Advisory Council are "instructive." *Transparent GMU v. Geo. Mason Univ.*, 298 Va. 222, 243 (2019).

evidence, but a holding about pleading standards. In *WTAR Radio*, "[p]etitioners alleged that [the defendant] had committed several violations of the [VFOIA]" in holding closed meetings and that "[f]or purposes of the demurrer, these allegations must be treated as true." *WTAR Radio*, 216 Va. at 895. However, by merely alleging a "previous course of conduct" of holding closed meetings, the petitioners did not sufficiently allege a likelihood that VFOIA violations would occur in the *future*. *See id.* Thus, without proper allegations, the Court could not presume by default that the defendant would not act in good faith:

> The law never presumes that a man will violate the law. Rather, the ancient presumption is that every man will obey the law. . . . We hold that the verified petitions failed to allege facts sufficient to show good cause for . . . injunctive relief[.]

*Id.* The general presumption of good faith does not shield the Commonwealth from a well-pleaded complaint.

Unlike in *WTAR Radio*, Sawyer alleged that the Commonwealth did not credibly conduct an adequate search and supported her assertions with factual allegations. She asserted that the Office of the Governor "repeatedly defended the Tip Line as a form of constituent services" and that the Office claimed it "intended to use [the Tip Line] to enforce [EO 1]" and to "root out" "divisive concepts." Sawyer also alleged that:

> In *Associated Press v. Commonwealth of Virginia*, No. CL22001489-00 (Richmond Cir. Ct.), the petitioners publicly filed their own communications with the Commonwealth regarding the Tip Line, specifically their [VFOIA] requests about it. Despite the fact that these records fall squarely within the terms of the [General] Communications Request, they were not produced or otherwise identified in response to that request.

Accepting these factual allegations as true, as we must when reviewing a circuit court's judgment on demurrer, Sawyer alleged facts that would suggest the Office of the Governor did not perform an adequate search. As the Advisory Council stated, "[q]uestions of reasonableness are matters for the courts to decide" and that "it is within the powers of a court to order a public

- 10 -

body to perform a search and to delineate the parameters of [a VFOIA] search." AO 04-10, *supra* at 9. For purposes of overcoming a demurrer, Sawyer therefore sufficiently stated a claim under the VFOIA statute.

B. *The application of the working papers exemption is a factual dispute that cannot be resolved at the demurrer stage.*

The Commonwealth argues that the withheld records were exempt from disclosure under the working papers exemption and that the Office of the Governor was not required to prove that they fell under that exemption. We disagree.

VFOIA exempts the "[w]orking papers and correspondence of the Office of the Governor" from disclosure. Code § 2.2-3705.7(2). "'Working papers' means those records prepared by or for a public official identified in this subdivision for his personal or deliberative use." *Id.* "Any exemption from public access to records . . . shall be narrowly construed and no record shall be withheld . . . [from] the public unless specifically made exempt." Code § 2.2-3700(B).

When making a FOIA request, the petitioner must "identify the requested records with reasonable specificity." Code § 2.2-3704(B). If the public body withholds those records, the public body must "identify with reasonable particularity the volume and subject matter of withheld records, and cite, as to each category of withheld records, the specific Code section that authorizes the withholding of the records." *Id.* Beyond stating which exemption authorizes the withholding, "[VFOIA] does not require further explanation when a public body asserts an exemption." AO 04-10, *supra* at 9.

However, VFOIA also provides that:

> In any action to enforce the provisions of this chapter, the public body shall bear the burden of *proof* to establish an exclusion by a *preponderance of the evidence*. No court shall be required to accord any weight to the determination of a public body as to whether an exclusion applies.

- 11 -

Code § 2.2-3713(E) (emphases added). Thus, on demurrer, the circuit court was not required to give any weight to the Commonwealth's determination that the working papers exemption applied. *See id.* The existence of an exemption is a question of fact that cannot be answered at the demurrer phase. *See, e.g.*, *Hazelwood v. Lawyer Garage, LLC*, 81 Va. App. 586, 594 (2024) ("A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." (quoting *Hubbard v. Dresser, Inc.*, 271 Va. 117, 119 (2006)).

Sawyer's petition alleged that the Office of the Governor violated VFOIA because it uncovered documents and did not make them available as required under Code § 2.2-3700. Even though the Office of the Governor claimed that the working papers exemption applied to exclude those documents from disclosure, the circuit court was not required to give that determination any weight. Code § 2.2-3713(E). Sawyer also contended that the Office of the Governor violated VFOIA because it failed to "identify with reasonable particularity the volume and subject matter of withheld records." Code § 2.2-3704(B)(1). Both allegations stated a violation of Code § 2.2-3704 for which the circuit court could overrule the demurrer.

To find otherwise would be to permit a public body to demur to any VFOIA action because it merely asserts an exemption. Where a petitioner's pleadings, taken as true, suffice to establish a violation, the government then bears "the burden to prove that the withheld documents are exempt[.]" *Citizens for Fauquier Cnty.*, 81 Va. App. at 387. VFOIA explicitly places the burden on "the public body . . . to establish an exclusion by a preponderance of the evidence." Code § 2.2-3713(E).[6]

As Sawyer pleaded sufficient facts to bring forward a claim that the Office of the Governor failed to conduct a sufficient search and that the withheld records were not covered by

---

[6] Because the exemption of a document from disclosure under VFOIA raises an evidentiary question, the circuit court must take evidence to answer it. However, as we explain below, the circuit court has discretion to choose the way it takes that evidence.

the working papers exemption, this Court affirms the circuit court's decision to overrule the demurrer.

> II. The circuit court abused its discretion by granting Sawyer's request for mandamus and injunctive relief because the court prevented the development of a record adequate for appellate review.

The Commonwealth argues that the circuit court erred by "refusing to conduct any evidentiary proceeding to determine whether the documents were exempt from disclosure" before granting Sawyer's petition. We agree.

VFOIA plaintiffs may petition trial courts for mandamus and injunctive relief for alleged violations of the statute. *See* Code § 2.2-3713(A); *Suffolk City Sch. Bd. v. Wahlstrom*, 302 Va. 188, 209-11 (2023). The VFOIA statute provides:

> The petition shall allege with reasonable specificity the circumstances of the denial of the rights and privileges conferred by this chapter. A single instance of denial of the rights and privileges conferred by this chapter shall be sufficient to invoke the remedies granted herein.

Code § 2.2-3713(D). Thus, "the focus in a proceeding involving a statutory injunction is whether the authorizing 'statute or regulation has been violated.'" *Wahlstrom*, 302 Va. at 210 (quoting *Va. Beach S.P.C.A., Inc. v. S. Hampton Rds. Veterinary Ass'n*, 229 Va. 349, 354 (1985)).

"[O]nce a violation of VFOIA has been established, whether an injunction is warranted is a question committed to the trial court's discretion." *Id.* at 211. Yet "[a]n injunction under VFOIA 'is not to be casually or perfunctorily ordered,' and must be tied to the actual violation of VFOIA that gives rise to injunctive relief." *Id.* (quoting *Nageotte v. Bd. of Supervisors*, 223 Va. 259, 270 (1982)). However, unlike at common law, a petitioner need not establish irreparable harm and an inadequate remedy at law before obtaining an injunction under VFOIA. *See Cartwright v. Commonwealth Transp. Comm'r*, 270 Va. 58, 66 (2005) ("We hold that a citizen

- 13 -

alleging a violation of the rights and privileges afforded by the FOIA and seeking relief by mandamus pursuant to Code § 2.2-3713(A) is not required to prove a lack of an adequate remedy at law[.]”); *Va. Beach S.P.C.A., Inc.*, 229 Va. at 354 (“When a statute empowers a court to grant injunctive relief, the party seeking an injunction is not required to establish the traditional prerequisites . . . . All that is required is proof that the statute or regulation has been violated.”).

If an exemption is challenged in court, “the public body shall bear the burden of proof to establish an exclusion by a preponderance of the evidence. No court shall be required to accord any weight to the determination of a public body as to whether an exclusion applies.” Code § 2.2-3713(E). Whether an exemption applies is a “mixed question of law and fact” for the court. *Hawkins*, 301 Va. at 424; *Bergano v. City of Va. Beach*, 296 Va. 403, 410-11 (2018); *Surovell*, 290 Va. at 262.

This Court can review the applicability of a VFOIA exemption to documents only where the record is adequate to adjudicate this issue. *See LeMond v. McElroy*, 239 Va. 515, 520-21 (1990); *Moore v. Maroney*, 258 Va. 21, 25-27 (1999). We cannot decide the issue “in a vacuum” without knowledge of the “precise nature” of the documents under review or give “an advisory opinion unsupported by any documentary record whatever.” *LeMond*, 239 Va. at 520. The responsibility for presenting an adequate record for appellate review is generally on the appellant. *Id.* at 521. However, where the decisions of the circuit court “effectively prevent[] appellate review,” the appellate court may find an abuse of discretion requiring reversal and remand. *Bland v. Va. State Univ.*, 272 Va. 198, 202-03 (2006) (holding that the circuit court’s refusal to admit reports under seal “effectively prevented appellate review and was an abuse of discretion requiring reversal”).

A. *The record is inadequate to review the applicability of the working papers exemption.*

A record is inadequate for appellate review if it does not contain the documents to be reviewed or a sufficiently detailed description for an appellate court to rule on the dispositive issue. *See id.* at 201. In *LeMond*, the Virginia Supreme Court found that the parties' mere stipulation that the accounting records at issue included a "settlement agreement" was insufficient to resolve whether VFOIA's exemption for documents "compiled specifically for use in litigation" applied. 239 Va. at 520-21. The Court noted that it did not know whether it was ruling on a "one-sentence writing," "a boilerplate general release form," "a detailed, multi-page settlement contract," or "some other kind of official record which includes recitals about the merit, or lack of same, of the controversy." *Id.* at 520. Similarly, in *Moore*, the Virginia Supreme Court held that the plaintiffs' letter requesting "tapes, transcripts, photos, and reports" and other surveillance "material" generated during a police investigation into possible employee misconduct was not specific enough for the Court to determine whether the materials fell into VFOIA's personnel exemption because the description did not specify whether the records were addressed to the employees' supervisors. 258 Va. at 26-27.

Here, as in *Moore* and *LeMond*, the record is insufficient to establish whether the documents withheld by the Office of the Governor were excluded from disclosure under the working papers exemption. Because the circuit court declined to take evidence at the hearing on the Commonwealth's demurrer, the documents withheld were never entered into the record. The only description of those documents in the record is found in the Commonwealth's supplemental response to Sawyer's VFOIA request. There, the Commonwealth stated that the withheld records included 37 pages of correspondence between "individuals in the Office of the Governor" and unspecified "individuals in the Department of Education," 71 pages of correspondence "sent from the Office of the Governor to . . . members of the General Assembly

and/or their aides, and/or other Virginia government officials," and 11 pages consisting of "working papers of the Office of the Governor."

The Commonwealth does not identify the "individuals in the Department of Education" or the "other Virginia government officials" who received the correspondence with enough specificity to determine whether those individuals fall into the statutorily enumerated categories of public officials whose communications are protected from disclosure under the working papers exemption. *See* Code § 2.2-3705.7(2). The Commonwealth's description of the "working papers" withheld includes no details about the contents or character of the documents or the purposes for which they were prepared, leaving us unable to determine whether the documents meet the statutory definition of "working papers" in Code § 2.2-3705.7(2).

Since the record does not include the withheld documents or a sufficiently detailed description of them for review, this Court cannot determine whether the documents are exempt from disclosure under the working papers exemption.

B. *The circuit court prevented the development of an adequate record by granting Sawyer's petition for mandamus and injunctive relief.*

A circuit court abuses its discretion where it prevents the development of a record adequate for appellate review. *See Bland*, 272 Va. at 201. In *Bland*, the circuit court denied the appellant's VFOIA petition on the grounds that the university reports sought were exempt from disclosure under the statute's personnel exemption. *Id.* The circuit court conducted an ore tenus hearing and an in camera review. *Id.* at 200. However, the reports were not offered as trial exhibits or made part of the record. *Id.* The circuit court then denied the appellant's motion to enter unredacted reports into the record under seal, preventing the appellate court from reviewing the applicability of the exemption. *Id.* at 201. Because denying the appellant's motion to enter the documents into the record resulted in an inadequate record, the Supreme Court of Virginia found an abuse of discretion requiring reversal and remand. *Id.* at 202-03.

So too in *Citizens for Fauquier County v. Town of Warrenton*, 81 Va. App. 363, 386-87 (2024), where the circuit court ordered the Town to produce a sampling of documents withheld under VFOIA despite the Town's request to first conduct an in camera review. We rejected the "draconian remedy" of ordering the Town to forfeit its exemption claims and turn over all withheld records. *Id.* at 387. This Court found no evidence that the sample ordered by the circuit court was representative of the entire set of withheld emails. *Id.* at 395 ("But the process of selecting a representative sample can be fraught with risk, as it was here when the [circuit] court let the Town pick the sample without explaining how the emails chosen were representative of the much larger set."). We acknowledged that "the [circuit] court was without clear guidance" on the proper method for evaluating exemption claims and at the time "did not have the benefit" of our ruling on the matter. *Id.* at 387. This Court decided, therefore, that the proper remedy was to reverse the lower court's judgment and remand to the court to reevaluate the Town's claims using a different evidentiary method. *Id.* at 399.

Here, the Commonwealth offered the withheld documents to the circuit court for in camera inspection. However, the circuit court declined to conduct the in camera review and granted the petition without reviewing the records. Nor did the court employ any alternative method to admit the documents or a detailed description of the documents into evidence, such as the *Vaughn* index suggested by Sawyer.[7] Because the circuit court's decisions deprived us of a record adequate for appellate review, we find that it abused its discretion.

---

[7] Sawyer argues that the Commonwealth failed to meet its evidentiary burden because it did not make any effort to admit the withheld documents into evidence aside from offering them for in camera review. Sawyer contends that the Commonwealth should have admitted the requisite evidence through an alternative method, such as a *Vaughn* index, affidavits, or testimony describing the documents in sufficient detail.

However, we do not read *Bland* as requiring the appellant to take advantage of every possible opportunity to develop the record before that responsibility shifts to the circuit court. Where decisions made by the circuit court resulted in an inadequate record, we may find that the court abused its discretion.

This Court had not yet issued *Town of Warrenton* when the circuit court ruled on Sawyer's petition. Thus, the circuit court acted without the benefit of appellate guidance.[8] The appropriate remedy, therefore, is to remand with instructions to admit the withheld documents, or an adequate description of the documents, into the record using any evidentiary procedure that the circuit court deems appropriate. *See Town of Warrenton*, 81 Va. App. at 388-97 (describing various methods for a circuit court to review exemption claims).

CONCLUSION

Because Sawyer's petition raised claims that, if proven, would entitle her to relief, the circuit court did not err by overruling the Commonwealth's demurrer. However, the circuit court abused its discretion by granting Sawyer's petition for mandamus and injunctive relief without reviewing the evidence and determining the applicability of the claimed exemption to the documents withheld.[9] Therefore, this Court affirms the circuit court's judgment overruling the demurrer but reverses the circuit court's judgment granting Sawyer's petition. This case is remanded for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

---

[8] The circuit court ruled on the Commonwealth's demurrer and Sawyer's mandamus petition on January 25, 2023. This Court issued *Town of Warrenton* on July 30, 2024.

[9] There is little question that some of the documents at issue may be exempt from disclosure under VFOIA. Given the Office of the Governor's descriptions of some of the documents, and suggestion from Sawyer herself that a *Vaughn* index may adequately identify the reason for withholding those documents, remanding for an evidentiary hearing is appropriate.