COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Causey and Lorish
Argued by videoconference

CHRISTOPHER HORNER

MEMORANDUM OPINION* BY
v.          Record No. 0313-24-2          JUDGE DORIS HENDERSON CAUSEY
SEPTEMBER 2, 2025

OFFICE OF THE ATTORNEY GENERAL

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Richard B. Campbell, Judge

(Matthew D. Hardin; Hardin Law Office, on briefs), for appellant.
Appellant submitting on briefs.

Thomas J. Sanford, Deputy Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Christopher Horner appeals the circuit court's judgment denying his petition for a writ of

mandamus requesting the Office of the Attorney General (OAG) provide documents in response

to his Virginia Freedom of Information Act (FOIA) requests. Horner assigns error to the circuit

court's decision to view the documents in camera "at the pleadings stage and in an evidentiary

vacuum" and its holding that the working papers exemption applied to the *entire* office of the

Attorney General and that the documents at issue were not prepared for the "personal or

deliberative use" of the Attorney General. Additionally, Horner appeals the circuit court's

failure to order production of the documents in redacted form and its failure to provide an

analysis of its justification. For the following reasons, we affirm the circuit court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

Christopher Horner submitted two FOIA requests to the OAG, seeking records related to a "Gold Decision Memo" discussing the OAG's potential participation in a fellowship program and the hiring of a Special Assistant Attorney General. Complying with Horner's FOIA requests, the OAG produced 68 pages of records and withheld 5 records under the working papers exclusion of Code § 2.2-3705.7(2). Accordingly, Horner filed a petition for a writ of mandamus and injunctive relief; the OAG responded with a demurrer and motion to dismiss. The circuit court heard argument and reviewed the records in camera. Subsequently, the court issued a final order granting the OAG's motion and denying Horner's petition, holding that the withheld records met the statutory definition of "working papers" as defined in Code § 2.2-3705.7(2).

ANALYSIS

Whether documents are exempt under FOIA is a mixed question of law and fact. *Hawkins v. Town of South Hill*, 301 Va. 416, 424 (2022). We defer to the circuit court's factual findings and view the facts in the light most favorable to the prevailing party, while reviewing matters of statutory interpretation and the lower court's application of a statute to its factual findings de novo. *Id.*

A circuit court's decisions regarding "evidentiary matters" are subject to the "deferential abuse-of-discretion standard of appellate review" given the "broad discretion" that trial courts enjoy. *Fields v. Commonwealth*, 73 Va. App. 652, 671-72 (2021). "Accordingly, 'when a decision is discretionary . . . the court has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013) (alterations in original) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

*I. In camera review of the documents in question was appropriate.*

Our Supreme Court has consistently held in FOIA cases that "the filing of allegedly confidential records for in camera inspection by the trial court" is permissible, if not encouraged. *Bland v. Va. State Univ.*, 272 Va. 198, 202 (2006); *Hawkins*, 301 Va. at 423 n.1 (explaining that "in camera review" of the records "constitutes a proper method" of adjudication). Additionally, the Supreme Court has recognized that in camera review can be taken on a motion to dismiss, as it did in *NAACP v. Committee on Offenses Against the Administration of Justice*, 201 Va. 890, 901 (1960), holding that a trial court has the authority to consider, hear, and make a motion to dismiss based on such evidence. In his challenge to the circuit court's in camera review, Horner emphasizes that he was not able to cross-examine or scrutinize this evidence[1] but does not grapple with or address this foundational caselaw. Horner's arguments go to the equity of the process but do not address clear and established procedural practices that protect the sensitive nature of documents sought in FOIA cases. Our Supreme Court reiterated these principles in *Bland* and *Hawkins*, holding that in camera view is considered a proper method for reviewing documents in FOIA cases; that is not to say it is the only method of examining evidence, but it is certainly not disallowed by caselaw, and for a circuit court to employ in camera review in this context is therefore not reversible error. *Bland*, 272 Va. at 202; *Hawkins*, 301 Va. at 423 & n.1.

*II. The "working papers" exception applies to the records and documents in question.*

Code § 2.2-3705.7(2) provides that the "[w]orking papers and correspondence of the *Office of* the Governor, the Lieutenant Governor, *or the* Attorney General" are excluded from FOIA disclosures. (Emphases added). The term "working papers" is defined as "records

---

[1] The nature of in camera review of evidence is that it is done in private, by the judge. *In Camera*, *Black's Law Dictionary* (12th ed. 2024).

prepared by or for a public official identified in this subdivision for his personal or deliberative use." *Id.*

Horner argues that the two provisions, read together, indicate that the exemption applies only to papers "prepared by or for . . . the Attorney General," and not to papers prepared for the Office of the Attorney General. Thus, for Horner, the FOIA exclusions are limited to the Office of the Governor and Lieutenant Governor. This narrow interpretation is not supported by our caselaw.

Our Court has previously read statutes in accordance with the "series-qualifier canon," which directs that "[w]hen there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier"—here "Office of"—"normally applies to the entire series." *Emmanuel Worship Ctr. v. City of Petersburg*, 80 Va. App. 100, 118 (2024). Following this canon, the statute's simple sentence structure—using commas rather than semi-colons to enumerate the offices to which the statute applies—guides us to glean that the "working papers" excluded from FOIA under this section include working papers of the *Office of* the Attorney General. Additionally, following the clause in Code § 2.2-3705.7(2), there is a semi-colon, "Office of the Governor, the Lieutenant Governor, or the Attorney General;" where it continues to enumerate different and distinct legislative offices.

Horner also emphasizes that the exceptions to FOIA are to be construed narrowly, per Code § 2.2-3700. While recognizing the requirement of narrow construction, our caselaw also requires that the FOIA statute be read in accordance with common sense. *Marsh v. Richmond Newspapers, Inc.*, 223 Va. 245, 255 (1982). For that additional reason, Horner's assertion that the statute does not cover high level officials within the OAG fails. Determining that Code § 2.2-3705.7 provides a "working papers" exception to the Office of the Attorney General and that the definition of the Office of the Attorney General would include high ranking officials

within the OAG[2] as it does high ranking officials in the other enumerated executive offices[3] within the statute is the most common-sense reading; and thus, is not reversible error. *See Marsh*, 223 Va. at 255. It would also follow from a common sense reading that the definition of "working papers" would certainly include "records prepared . . . for *a public official*," as it would not follow that a working papers exception applies to the working papers of the Attorney General, and not his office, when working papers is defined as papers prepared for him by other people (in his office). Code § 2.2-3705.7.

III. *Production of redacted records was not necessary.*

Finally, Horner argues that the circuit court erred by failing to order production of any of the documents at issue, including in a redacted format, and by failing to conduct a proper analysis of whether at least some portion(s) of the requested records could be released. Essentially, Horner argues that because the circuit court did not agree with his proposed reading of the statute, it either (1) erred in its interpretation or (2) failed to conduct a proper analysis. This argument assumes its own conclusion and provides no justification for why the analysis of the circuit court is flawed other than reciting general principles applicable to the release of redacted records. Thus, we find no reversible error.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed*.

---

[2] *Redinger v. Casteen*, 35 Va. Cir. 380, 383, 385 (Richmond City Cir. Ct. 1995) (the circuit court found that correspondence between a Special Assistant Attorney General and a university counsel was a correspondence held by the *office* of the Attorney General).

[3] *Taylor v. Worrell Enters., Inc.*, 242 Va. 219, 220 (1991) (holding that records compiled by the Special Assistant to the Governor were documents "working papers and correspondence held . . . by the *office* of the Governor" (emphasis added)).